during her lifetime, and the power to sell the property, if necessary, but, in the event that the power of sale was not executed, then the title should remain in Mrs. Chase. We are of the opinion, therefore, that, under the two written instruments referred to, the fee to the premises in question vested absolutely in Mrs. Chase upon the death of her mother.

The judgment, therefore, should be affirmed, with costs to be paid out of the estate of the testatrix. All concur.

Judgment affirmed.

---

(89 Hun, 531.)

## MULRY v. MULRY et al.

(Supreme Court, General Term, First Department. October 18, 1895.)

1. TRUSTS—APPOINTMENT IN PLACE OF DECEASED TRUSTEE.
   The appointment of a beneficiary of a trust as a substituted trustee is valid as a designation of a person to execute a trust, under 1 Rev. St. p. 730, § 68, providing that on the death of the trustee the trust, if then unexecuted, shall vest in the supreme court, and shall be executed by some person appointed for that purpose under the direction of the court.[1]

2. WILLS—SUSPENDING POWER OF ALIENATION.
   Testator devised his estate to trustees in two equal shares, to pay one-third of the income of each share to his wife, and two-thirds of the income to his son and daughter respectively for life, and directed that on the death of either the son or the daughter the whole share of the one dying should be held in trust for the other. *Held*, that the power of alienation was suspended longer than two lives.

Appeal from special term, New York county.

Action by Winifred J. Mulry individually, and as testamentary trustee under the will of William Mulry, deceased, against William P. Mulry, Lawrence Mulry, Thomas Mulry, Theresa Mulry, Thomas P. Mulry, Winifred R. Mulry, Mary Josephine Mulry, and William Mulry. Judgment was entered in favor of defendants, and plaintiff appeals. Affirmed.

The opinion of Mr. Justice INGRAHAM at special term is as follows:

This action appears to have been brought for the purpose of having a judicial determination as to the powers and duties of the plaintiff under the order designating her as trustee under the trust declared in and created by the last will and testament and codicil thereto annexed of William Mulry, deceased. All the facts alleged in the complaint having been admitted by the answer, the action was submitted upon briefs furnished by the counsel for the plaintiff and the guardian ad litem for the infant defendants. Several questions are presented which are not argued by the briefs submitted. It is proper at this time to pass upon one or two of the questions raised, as the contingency which will require an answer to the others may never happen. In the present condition of the authorities in this state, there seems to be some doubt as to the right of the court to appoint as a substituted trustee the beneficiary of the trust. It has been held by the court of appeals that, where a trust is attempted to be created, and the beneficiary, who is entitled to the beneficial interest in the trust, is created a trustee, no trust is, in effect, created, but that the person named as trustee and beneficiary takes the entire estate. See Woodward v. James, 115 N. Y. 356, 22 N. E. 150; Greene v. Greene, 125 N. Y. 512, 26 N. E. 739. It appears, however, that where others

---

[1] See Wildey v. Robinson (Sup.) 32 N. Y. Supp. 1018.

are interested as beneficiaries besides the trustee, a valid trust would be created. Thus in Woodward v. James, supra, the court says: "If, then, it be granted that, as to her half of the income, the widow was not a trustee, and took what was given to her by a direct legal right, it does not follow that her trust estate in the corpus of the property is in any manner destroyed, or that there is any the less a necessity for its existence. She can be trustee for the heirs, and that trust ranges over the whole estate for the purpose of its management and disposition." In this case, however, none of the trustees named in the will of the testator was a beneficiary, and a valid trust was therefore created. One of the persons named to act as trustee died before the testator, and the other two persons named refused to qualify as executors or to act as trustees, whereupon letters of administration with the will annexed were issued to the widow of the deceased, who was a beneficiary of a portion of the income of the trust property, and upon a subsequent application to the court an order was granted substituting the widow as trustee of the trust contained in the will. The widow subsequently died, and upon application to the court the plaintiff, a daughter of the deceased, and a beneficiary as to one-half of the trust property, was substituted as trustee in her place. It would appear that this case would come within the provision of 1 Rev. St. p. 730, § 68, that upon the death of the surviving trustee of an express trust the trust, if then unexecuted, shall vest in the supreme court, with all the powers and duties of the original trustee, and shall be executed by some person appointed for that purpose under the direction of the court. And this appointment would be a designation under the provision of that section whereby the plaintiff was designated as the person to execute the trust under the direction of the court. This court held, at general term, in the case of People v. Donohue, 70 Hun, 325, 24 N. Y. Supp. 437, that an order of the court designating a beneficiary to execute the trust was not void, and could not be attacked collaterally. The trust, with all the powers and duties of the original trustee, is now vested in the court, and it is to be executed under its direction. It seems to me immaterial to determine whether or not the plaintiff has the legal title to the real estate, or whether it is in the heirs at law of the testator, or in the devisees. What is clear is that the court is to execute the trust, and has designated the plaintiff as its agent for that purpose.

The codicil materially changed the provision of the will as to the disposition of the trust estate. It is not difficult, however, to ascertain just what the testator intended by the execution of the codicil. By that codicil he gave the rest, residue, and remainder of his estate to his trustees, in two equal shares or proportions, in trust to pay one-third of the net income of one share to his wife, and the remaining two-thirds of the net income of such share to his son, the defendant William P. Mulry, during his life; and to pay one-third of the net income of the other share to his wife during her life, and the balance of the net income of such share to his daughter, the plaintiff, during her life. And he also gave to his trustees full power of sale. No disposition is made, by the codicil, of the remainder of the trust estate; but by the fourth clause of the codicil he provided that, except so far as the original will was not inconsistent with the codicil, the said will, and every part thereof, was ratified and confirmed. This trust created by the codicil was a valid trust, and vested the title of the trust estate in the trustees; and, no trustees having qualified under the will, the trust, I think, vested in the supreme court, as before stated. The court, in the appointment of the plaintiff, has vested her with all the powers contained in the original trust, except as to the power of sale, and she is therefore now in the position as trustee under the will, whose duty it is to rent the property, and invest the personal property, and receive the income, rents, and profits thereof, and, after paying the necessary taxes and assessments and other charges, to divide the net income into two parts, retaining one for herself and paying over the other part to her brother, who is the other beneficiary.

There is no provision that by any possibility could be construed into authority to pay the taxes or assessments on the property out of the principal. The clause in the original will, which provided that, in case the rents, income, and profits of his property should not be sufficient for any of the purposes to which the same might be applied as aforesaid, then the executors

were authorized to use such portions of the principal as might be necessary for such purpose, does not apply to this clause, because it nowhere appeared that the testator intended that the income should support either of his children in any specified manner, although any amount of the income should be paid to the children. All that the trustee was directed to pay to them was the net income, which is the gross income after deducting the proper charges, namely, taxes, repairs, and other necessary charges and expenses.

As before stated, the codicil makes no disposition of the remainder after the death of the life tenant. By the original will, however, the remainder is disposed of, and under the provision of the codicil before stated this provision in the original will, so far as it is legal, is confirmed by the codicil. I think it clear, however, that the provision in the will whereby, on the death of one of his children, the property was to be held in trust for the surviving child, is void as suspending the power of alienation for more than two lives in being at the time of the death of the testator, for the effect would be that each share would be held in trust during the lifetime of his wife and of the two children, to whom the income was payable, and, after the death of one child, during the lifetime of the surviving child, which would be three lives in being, and thus void. That clause being void, however, would not invalidate the other trust under which the property was held during the lifetime of the two children. Nor is it necessary now to determine to whom the property would go in the contingency of the one child dying without issue. It seems now that one of the children is married, and has issue, and the other child, the plaintiff, is unmarried. There is no presumption that the plaintiff will die without leaving issue, and, in the event of that happening, the person or persons living at the time of her death who would then be entitled to the share held by the plaintiff, and to the ownership of the remainder of this share, could be then more properly determined. In case of both children dying without issue, the persons are clearly designated in the will to whom the remainder should then go.

I think the provision in the will allowing the executrix to pay over any portion of the principal of the estate to the children was revoked by the codicil. Such a payment of the principal to the children is entirely inconsistent with the trust estate as created by the codicil, which, in express terms, provides that the whole of the net income of the trust estate shall be paid to the beneficiaries named during the lives of such beneficiaries. It would be clearly impossible to pay the whole income of the whole of this estate to the beneficiaries if a portion of the principal was paid to them.

It follows from what has been said that the power of sale is vested in this court, but as, in the order appointing the plaintiff, she is expressly excluded from the exercise of that power, she can only exercise it upon obtaining further authority from the court. The power of sale contained in both the will and the codicil was not a mere naked discretionary power, but was given in connection with the trust estate, as necessary for the proper performance of the trust, so that, in case the property in which the estate was invested produced no income, or for any other reason it would appear to be for the benefit of the estate that it should be sold, the trustee should have the power to sell it. It was thus the intention of the testator to vest this power of sale as a necessary incident to the performance of the trust by the trustee, and as such I think it passed to the substituted trustee. This is the position taken in Lahey v. Kortright, 132 N. Y. 455, 30 N. E. 989. This, I think, disposes of all the questions presented, which it is necessary now to decide, and judgment is directed construing the will in accordance with this opinion. The question of costs can be deferred until settlement of judgment.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Michael J. Scanlon, for appellant.
Joseph H. Mahan, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of INGRAHAM, J., delivered at special term.