(19 App. Div. 605.)

## BULL v. ODELL et al.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

1. TRUSTS—INTEREST OF BENEFICIARY—TRANSFER—VALIDITY.

Where the will of a wife creates a trust to pay over rents and income of the property to her husband, a transfer by him of his interest, by general assignment or otherwise, is void, under 1 Rev. St. p. 724, § 63, making the interest of the beneficiary inalienable.

2. REMOVAL OF TRUSTEE—ACCOUNTING.

Where an assignment of an interest in a trust estate is void, the assignee has no standing to apply for the removal of the trustee.

Appeal from special term, Westchester county.

Action by Stephen M. Bull against James B. Odell and Mary J. Barnes, executors and trustees under the will of Martha A. Odell, deceased, and others, to compel such trustees to account, and to remove them as executors and trustees. From a judgment in favor of defendants, entered on a decision of the court at special term, dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Adrian M. Potter, for appellant.

Ralph E. Prime, Jr., for respondents.

William C. Prime, guardian ad litem, for respondent Mary S. Odell.

CULLEN, J. The plaintiff in his complaint alleges that one Martha A. Odell died seised of certain real and personal property; that by the third clause of her will, which is set forth in full, said Martha A. Odell devised and bequeathed the residue of her property, real and personal, to her executors, the defendants James B. Odell and Mary Jane Barnes, in trust to collect the rents, issues, and profits thereof, and pay the same over to her husband, the said James B. Odell, during his natural life, and upon his decease the principal to be divided between certain legatees and devisees; that the defendants James B. Odell and Mary J. Barnes undertook and pretend to hold and manage the lands as such trustees and executors; that plaintiff purchased from one Alansen J. Prime, general assignee of James B. Odell, all the interest which the said assignee acquired under and by virtue of a general assignment dated the 8th day of January, 1895; that the said defendants have failed and neglected to execute and perform in a proper manner their duties as executors and trustees, or to file any account or inventory of the proceeds of the estate, and also have failed to apply any moneys to the benefit of the plaintiff. Judgment is then demanded that the defendants Odell and Barnes be compelled to render an account of their proceedings, and that they be removed as executors and trustees. At the opening of the case the court dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action, or any reason why the court should assume jurisdiction of the action. From the judgment entered on that decision this appeal is taken.

We are of opinion that the case was properly disposed of at special

term. If the third clause of the will of Martha A. Odell is effective to create a trust, it was a trust to pay over the rents and income to the husband, James B. Odell. This is, in effect, to apply such income to his use. Leggett v. Perkins, 2 N. Y. 297. And the interest of the beneficiary is, by the statute, inalienable. 1 Rev. St. p. 724, § 63. A creditor may, in a proper action, compel the application of any surplus beyond that necessary to support the beneficiary to the payment of his claim; but the sole title of the plaintiff proceeds from the transfer of the beneficiary, which is wholly void. The plaintiff has therefore no interest in the subject-matter of the trust, principal or income, and it is of no concern to him how the trust is managed or mismanaged.

The only objection that can be suggested as to the validity of the trust is that the beneficiary is made one of the trustees. If he were appointed the sole trustee, no trust would be created, but the husband would take a legal life estate. Greene v. Greene, 125 N. Y. 506, 26 N. E. 739. But Amory v. Lord, 9 N. Y. 403, would seem authority for the proposition that, where the beneficiary is only one of several trustees, the trust is valid. But, if we assume that the trust attempted to be created fails and is void, plainly, in such case, the plaintiff cannot maintain this action. He must go to the surrogate's court to reach the personalty, and bring his action of ejectment to recover possession of the real estate.

The judgment appealed from should be affirmed, with costs. All concur.