(21 Misc. Rep. 743.)

IRVING v. IRVING et al.

(Supreme Court, Special Term, New York County. December 9, 1897.)

1. Trusts—Beneficiary as Trustee.
Where a will provides that the corpus of an estate shall be kept intact during the life of the beneficiary, with the remainder over to others, and that the income shall go to him, the fact that he is also named as trustee, with power to convey property when necessary to carry out the trust provisions, does not destroy the trust.

2. Same—Power to Mortgage.
Where a trustee, with power to sell and mortgage the trust property, is also the beneficiary, he will be allowed to exercise such power only under the order of the court.

Action by Benjamin H. Irving, as sole surviving executor of, and trustee under, the last will and testament of Mary Irving, deceased, against Jane R. Irving and others, to obtain a judicial construction of the will.

A. P. W. Seaman, for plaintiff.
Lewis L. Delafield, for defendants.

McLAUGHLIN, J. On the 3d day of April, 1885, Mary Irving died, leaving a will, in which Charles Irving and this plaintiff were named as executors and trustees. Shortly after her death this will was admitted to probate by the surrogate of the city and county of New York, and letters testamentary issued to both of the executors, who qualified, entered upon, and continued to discharge their duties as such until May, 1891, when Charles died; and since that time this plaintiff has continued to and is now acting as the survivor. His right, as such survivor, to execute a mortgage upon certain real estate, of which the testatrix died seised, having been questioned, he has instituted this action for the purpose of establishing such right by obtaining a judicial construction of the will. The will, after directing the payment of the debts and funeral expenses of the testatrix, provides as follows:

"Second. I give, devise, and bequeath to my executors hereinafter named all my property and estate, of every name and kind, and wheresoever situate, to have and to hold to them and the survivor of them, and their successors, upon trust, nevertheless, and to and for the following uses and purposes, namely: 1st. To invest and keep the same invested so that the same shall produce an income for and during the lives of my husband, Charles Irving, and my son, Benjamin H. Irving. 2nd. To apply the net income thereof to the use and support of my said husband for and during his natural life, and upon his death, in case my said son shall be then living, to apply such net income to the use and support of my said son, Benjamin H. Irving, for and during his natural life. 3rd. Upon the death of my said husband and son, the said property and estate to be owned by, transferred and delivered to, such person or persons as my said son by his last will and testament may direct; and, in case of his failure to leave a last will and testament and make such direction, the said property and estate to be owned by, transferred and delivered to, the children of my said son, equally, share and share alike; and in case either of said children shall have died, leaving issue him or her surviving, such issue to take the share the parent would have taken if living. And I hereby give and grant unto my said executors, and the survivor of them, full power and authority to grant, bargain, sell, and mortgage my said property, or any part thereof, at such time or times, and upon such terms, as to them shall seem best; also, to let, lease, and rent the same, and

to sign, seal, execute, and deliver any and all deeds, bonds, mortgages, leases, or other instruments which may be necessary or required to carry into effect the foregoing trusts and powers.

"Third. I hereby nominate, constitute, and appoint my said husband, Charles Irving, and my said son, Benjamin H. Irving, executors of this, my last will and testament."

The most casual reading of this instrument cannot fail to convince one of the testatrix's intent. She desired to vest the title of all her property in her husband and son, as trustees, with the design and for the purpose of preserving and keeping the corpus intact until the death of both. The language employed to express this design and purpose was so well selected by her that no doubt can exist as to her wish in this respect; and, had she selected as a trustee some other person to act in the place of her son, she would, beyond question, have accomplished what she desired. If this be true, can it be said, upon any well-recognized principle of justice, that the trust which she attempted to create must fail because of her attempt to unite the functions of a trustee and the interest of a beneficiary in the same person? I think not. And in reaching this conclusion I am not unmindful of the authorities to which my attention has been called, bearing upon the question, in which different judges have expressed opinions adversely to this conclusion; but a careful examination of these authorities will show that they are not in point, since the question here presented was not necessarily involved in the questions there considered, and therefore was not disposed of or settled by them. When the beneficiary of an express trust becomes a sole trustee for his own benefit, as in this case, it seems to me that the true rule to adopt is this: that the trust is not thereby destroyed, but that it is improper for the beneficiary to act, except by direction of the court. Such a rule permits the intent of a testator to be fully carried out, and is also in harmony with the long and well established rule that a court of equity will endeavor to effectuate the intention of a testator, and for that purpose will not permit a trust to fail because of the failure to appoint a competent trustee. Theoretically, it may well be said "that it is no more possible for a beneficiary to be a trustee for his own benefit than it is for two solid bodies to occupy the same space at the same instant," or "that it is an inconceivable proposition" that a beneficiary should be a trustee for his own benefit; but in practice it is neither impossible nor inconceivable. No good reason can be assigned, if a trust is valid in its inception, why such a situation, occurring thereafter, should render it void ab initio. About all that can be said in opposition to it is that a trustee is thus subjected to great temptation, by reason of his own personal interest. But such temptations are common. Indeed, it is the universal experience that at times personal interests are brought sharply in conflict with duty and interest to others, but no court has ever yet gone so far as to hold that by reason of such temptations one is rendered incapable of acting. The case of Rogers v. Rogers, 111 N. Y. 328, 18 N. E. 636, sustains this view. There the testator gave his residuary estate to his widow and four other persons, in trust to pay to his widow, during her life, or until his youngest child should arrive at the age of 21 years, so much of the income and

profits therefrom as would comfortably support and maintain her, his mother and children, and authorized his executors and executrix, for the purpose of such support and maintenance, after exhausting the income, to use what was necessary of the principal. The widow alone qualified, and she thus became the sole trustee for her own benefit; and the court held that this did not invalidate the trust, but that the court would direct as to the manner in which it should be exercised by her. See, also, Losey v. Stanley, 147 N. Y. 568, 42 N. E. 8; Amory v. Lord, 9 N. Y. 403.

It follows that the trust created in this will was a valid one, and should be sustained; that the power conferred upon the plaintiff to act as trustee, and sell or mortgage the real estate referred to, was a valid power. But, it appearing that the plaintiff now occupies a position where his duties as a trustee and his interest as a beneficiary may conflict, if he mortgages or sells the property, it is the duty of the court at this time to assume control of his action, and decide and determine for him whether a cause exists sufficient to warrant him in mortgaging or selling the real estate referred to in the complaint, and, if so, to direct him as to the disposition to be made of the funds received therefrom.