Where, under a will, an executor is expected to exercise the duties of a trustee until the distribution of the fund, he is entitled to commissions only in a single capacity, and, on his accounting as executor, a direction of the decree that the balance be paid over to him as executor and trustee does not entitle him to commissions in both capacities.

In the matter of the judicial settlement of the account of the Union Trust Company, trustee of the estate of George P. Lawrence. Application for double commissions. Denied

Peckham, Miller & King, for the motion.
Edwin C. Ward, for Lawrence Crawford.
William B. McNiece, special guardian, opposed.

THOMAS, S. The trust company, on the settlement of the decree, asks for commissions as trustee. The question as to the right of its predecessor to commissions both as executor and trustee was raised on the accounting leading up to the decree of September 20, 1897, and was decided by Surrogate Fitzgerald in the negative by a memorandum published in the New York Law Journal on August 6, 1897, in which Johnson v. Lawrence, 95 N. Y. 154, and McAlpine v. Potter, 126 N. Y. 286, 27 N. E. 475, were cited as controlling authorities. In

the proposed decree then submitted the allowances for double commissions asked for were stricken out by Surrogate Fitzgerald, and the erasures noted by him. The provision to the effect that the balance of the estate then remaining should be paid over to the trust company as "executor and trustee" did not create rights which did not exist independently of it. It is plain that the surrogate did not intend to determine anything directly to the contrary of his carefully prepared memorandum, or to make a decree intended to form a foundation for double commissions which he had concluded that he had no power to grant. Whatever his intent may have been, the decree did not have the effect of changing in any way the legal rights of the executor or trustee to compensation. McKie v. Clark, 3 Dem. Sur. 380. The decree of September 8, 1900, on the accounting of the trust company then made, awards full commissions to the executor, both for receiving and paying out, and directs it to pay the estate to itself as trustee, and discharges it as executor. The attention of the surrogate does not appear to have been called to the fact that this was in direct contravention to his decision, and it was not effectual, any more than was the previous decree, to vest in the executor or trustee a right to commissions not given by law. McKie v. Clark, supra; Bacon v. Bacon, 4 Dem. Sur. 5, 12. I concur with Surrogate Fitzgerald in his conclusion that no commissions can be awarded as trustee for any service rendered by the executor under the will of the testator. Full commissions as executor have already been paid, and no further commissions can now be allowed except on income or other increase received subsequent to the last accounting.

Decreed accordingly.