OSCAR M. WOOD, as Trustee in Bankruptcy of JAMES C. WARD, known as JAMES C. DILLENBECK, a Bankrupt, Appellant, *v.* JAMES C. WARD, known as JAMES C. DILLENBECK, and Others, Respondents.

*Will — a gift of a life estate " with the intent (that) no part of said property shall in any event be or become liable for any of his debts," creates an absolute life estate and not a trust.*

A will, after devising a farm to the testator's wife during her life, provided: " *Third.* After the death of my said wife, I hereby give the use and occupation of my said farm, so given to her during her life, to my adopted son James C. Ward, now called James C. Dillenbeck, to have and to hold the same during his natural life, and after his death the same to go to his children absolutely in case he leaves children him surviving of the age of twenty-one years or upwards, and in case he leaves no children him surviving of the age of twenty-one years or upwards, then and in that event, I give and devise said real and personal estate so given to my wife during her life, and to my said adopted son, James C., during his life, consisting of said farm in towns of Lyme and Clayton, and the personal property thereon to my sons. * * * But all the property and all the avails thereof hereby given to said James C., is given for the purpose, and with the intent of providing for him a means to support himself and his family and no part of said property shall in any event be or become liable for any of his debts." A codicil to the will created a life estate in the farm in the wife of the said James C. Ward, provided she should survive him and, in the event of the happening of such a contingency, made provisions for the disposition of the farm after her death which were substantially similar to those governing the disposition of the property after the death of James C. Ward.

*Held,* that the will, when construed in the light of the codicil, vested in James C. Ward an absolute life estate in the farm in question, and that the statement of the testator's purpose contained in the last sentence of the 3d paragraph of the will did not operate to convert the absolute life estate into a trust estate;

That the testator's intention that James C. Ward's interest in the farm in question should not be liable for his debts was ineffective, because of the testator's failure to use appropriate language for that purpose.

APPEAL by the plaintiff, Oscar M. Wood, as trustee in bankruptcy of James C. Ward, known as James C. Dillenbeck, a bankrupt, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Jefferson on the 7th day of January, 1902, upon the decision of the court rendered after a trial at the Jefferson Special Term, except that portion thereof which awards certain farm stock to the plaintiff.

Said judgment, among other things, determined that the plaintiff was not entitled to the interest in a certain farm devised to the bankrupt because the same was held by him as trustee and not absolutely in his own right.

*B. A. Field,* for the appellant.

*C. H. Walts, George A. Lawyer* and *F. H. Peck,* for the respondents.

HISCOCK, J. :

We think that the adjudication contained in the judgment appealed from, that the interest in the farm involved was held by the bankrupt as a trustee, was erroneous and that, therefore, the judgment appealed from should be reversed.

This action was brought by plaintiff to secure possession for the benefit of creditors of certain property claimed by him to belong to the bankrupt. The substantial contention upon the trial was, as it is upon this appeal, whether a life interest in a certain farm situated in Jefferson county was held by the bankrupt absolutely and for his own benefit, or by him in trust for the benefit of himself and his family. Said interest was devised by the will of one William Dillenbeck, who, during life, adopted the bankrupt, and the determination of the question thus above presented is to be determined solely by the construction of said will.

The clauses in the original will which bear upon the question are as follows :

" *Third.* After the death of my said wife, I hereby give the use and occupation of my said farm (the one in question and in which a life estate was devised to the testator's wife) so given to her during her, life to my adopted son James C. Ward, now called James C. Dillenbeck, to have and to hold the same during his natural life, and after his death the same to go to his children absolutely in case he leaves children him surviving of the age of twenty-one years or upwards, and in case he leaves no children him surviving of the age of twenty-one years or upwards, then and in that event, I give and devise said real and personal estate so given to my wife during her life, and to my said adopted son, James C., during his life, consisting of said farm in towns of Lyme and Clayton, and the personal property thereon to my sons. * * * But all the property and all the avails thereof hereby given to said James C., is given for the purpose, and with the intent of providing for him a means to support himself and his family and no part of said property shall in any event be or become liable for any of his debts."

Subsequently, the testator executed a codicil to said will whereby he created a life estate in said farm in the wife of said James C. Ward, provided she should survive him, with provisions for the disposition thereof in such case after her death, which were substantially similar to those already quoted, as governing the disposition of the property after the death of James C. Ward.

We regard it as perfectly clear that by the original clause or devise proper, above quoted, especially when construed in the light of the codicil above referred to, the testator gave to the bankrupt an absolute life estate in the farm in question. The terms employed clearly and concisely and beyond any doubt gave him the absolute use of the farm in question during his life and provided for the disposition of said property after his death. Holding this view with reference to said provision, we are unable to agree with the view adopted by the learned trial justice and argued by the respondents here that the final clause above quoted, with reference to the object and aim of said devise, turned the same into a trust estate. The clause relied upon to accomplish this purpose stands complete by itself. It undoubtedly expresses the general idea and purpose

which the testator had in mind in making the testamentary disposition in question. The expression of the purpose, however, that said property should be the means of enabling the devisee to support himself and his family did not necessitate the erection of a trust estate. The testator might very well say, in connection with the bequest of any property to an object of his bounty, that it was given for the purpose of enabling him to earn a living and take care of his family. The conclusion is not by necessity required that such bequest would not accomplish such purpose unless the same was placed in a trust.

The testator undoubtedly intended that the property should not be taken upon debts against the devisee, and he expresses this idea clearly enough. Our idea, however, is that he thought that he secured such result merely by the declaration to that effect in his will, and that, through ignorance or otherwise, he failed to incorporate his devise in such form and language as would legally carry out this purpose.

We do not at all lose sight of the proposition urged upon us by respondents that the will should, if possible, be so construed as to carry out the intention of the testator. There are, however, rules restricting the court in its construction of wills for the purpose of securing the accomplishment of such intention which are so well settled as not to require statement here. We think they forbid us from putting upon the will in question a construction such as is asked for in behalf of the respondents. Proceeding from the 1st clause, with its creation of an absolute life estate in the devisee, to the succeeding clause referred to, we think that the latter is entirely insufficient to change the character of the life estate from that of absolute ownership to that of an estate held in trust.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant, to be paid out of the property coming into the possession of the plaintiff.

McLENNAN, SPRING, WILLIAMS and DAVY, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant, to be paid out of the property coming into the possession of the plaintiff.