(Surrogate's Court, Rensselaer County. February, 1903.)

1. EXECUTORS—COMMISSIONS AS TRUSTEES.
   Where testator gave his wife the income from his estate until she married or died, and the right to use the principal, if necessary, and declared that she was to hold the property in trust, her executors are not, after she has received full commissions on the estate as sole executrix upon an intermediate accounting, entitled to claim in her right commissions on the estate in trust.

2. TRUSTEES—QUALIFICATIONS.
   Sole beneficiary under will cannot act as trustee.

In the matter of the judicial settlement of the estate of Olive Hitchins, deceased, trustee under the last will of John Hitchins, deceased, Decree rendered.

Calvin S. McChesney, for petitioners.

M. A. Tierney (William J. Roche, of counsel), for administrator with will annexed of John S. Hitchins, deceased.

E. W. Douglas, for Francis A. Douglas and Mary A. McKee.

J. W. & J. V. Coffee, for George M. Hitchins.

Hayner & Ward, for John Hitchins Gardner.

James Farrell, special guardian, for Irene Hitchins.

A. C. Comstock, special guardian, for Alonzo G. Hitchins and Sadie A. Hitchins; also for Olive Hitchins.

HEATON, S.   This is an accounting by the executors of the will of Olive Hitchins, deceased, purporting to cover her acts as trustee under the will of John Hitchins, deceased.   The accounting parties ask an allowance to them of commissions upon the amount of the corpus of the so-called trust estate received by Mrs. Hitchins from herself as the sole executrix of the will of John Hitchins.

The will of John Hitchins was probated in this court December 24, 1884, and, so far as it affects this decision, reads as follows:

"First. I John Hitchins above named do hereby nominate constitute and appoint my beloved wife Olive Hitchins my executrix of this my last will and testament.

"Second. I give, devise and bequeath to my said executrix all the property which I shall own or be interested in at the time of my death whether the same be real or personal wherever the same may be situated upon the trusts and subject to the conditions hereinafter mentioned, except that I give to my said wife Olive absolutely as her own property and not in trust all my household furniture pictures books silver plate, and horses wagons carriages sleighs harnesses and robes used for pleasure purposes.

"Third. The property hereby devised and bequeathed in trust is so devised and bequeathed in trust to support liberally my said wife Olive during her life or so long during her life as she shall remain my widow and unmarried, and upon her death or remarriage to go to the objects of my bounty hereinafter named.

"Fourth. To carry out the objects of the trust hereby created the said Olive is authorized to sell and convey all or any portion of the property devised and bequeathed to her in trust, to make new investments thereof to make repairs and improvements on real estate and do all acts in her name as such trustee and executrix as she may deem beneficial to my estate, and while she so remains my widow and unmarried all the income of my estate shall belong to her and she shall be at liberty to use at any and all times so much of the principal of my estate for her support as she shall deem necessary to her comfort in case she shall find the income inadequate.

"Fifth. The above mentioned trust is subject to this modification and additional provision my said wife as my trustee as aforesaid in case my brother Stephen shall become destitute of the means of comfortable support shall pay yearly and every year from the income of my said estate to my said brother Stephen or for his support the sum of two hundred dollars so long as his life and destitution shall continue and my said wife is also authorized in case I shall have no lot in the Troy Oakwood Cemetery or no suitable monument therein or the lot shall not be suitably ornamented to expend from the principal of my estate such sum as shall be necessary to purchase a suitable lot erect a suitable monument, suitably ornament the lot and invest not exceeding five hundred dollars for the purpose of keeping the same in repair forever."

The sole executrix at once qualified, and entered upon the discharge of her duties.   On the 27th day of December, 1886, she ap-

plied for a judicial settlement of her accounts as such executrix, which resulted in a decree entered February 21, 1887, settling such account, and allowing her full commissions as executrix. Such decree does not, in words, purport to be a final judicial settlement, nor to discharge such executrix, but adjudges and decrees that the said Olive Hitchins now holds in her hands, as trustee for the benefit of the estate of the said John Hitchins, the following property. Then follows the list of securities for receiving which the accounting parties ask that her estate be now allowed commissions upon a valuation of upwards of $75,000.

If the decree of 1887 precludes this court from holding that Mrs. Hitchins has not been at any time a trustee, as distinguished from an executrix, and if such decree made her a trustee after her duties as executrix were terminated, then the question of allowance of commissions is not an open one, but must be determined in favor of her estate. The decree of 1887 does not purport to be a final judicial settlement. It does not recite that the executrix has accounted for all the estate, and that she is entitled to a discharge as executrix, but simply settles her account, allows her full commissions, and adjudges that said Olive Hitchins then holds the residue of the estate as trustee. It does not appear from the records of this court that as trustee she ever executed a voucher to herself as executrix in compliance with the claimed direction of the decree, but, so far as appears, she continued to hold the securities as executrix at the time of her death. The decree cannot be held to have made a trust if there was none made by the will, nor to have conferred upon the executrix any new right or privilege. It is not an adjudication binding this court in deciding this application. McKie v. Clark, 3 Dem. Sur. 380; Matter of Union Trust Co., 35 Misc. Rep. 260, 71 N. Y. Supp. 844; Cluff v. Day, 124 N. Y. 195, 26 N. E. 306; Johnson v. Lawrence, 95 N. Y. 154–164. The provisions of the will, and not the provisions of the prior decree, must determine the question.

The rule which governs in determining whether double commissions should be allowed has been plainly stated several times. The cases agree that, to entitle the same persons to commissions as executors and as trustees, the will must provide either by express terms or by fair intendment for the separation of the two functions and duties; one duty to precede the other, and to be performed before the latter is begun; and must not provide for the coexistence continuously and from the beginning of the two functions and duties. Johnson v. Lawrence, 95 N. Y. 154. What does this will provide? It appoints the widow executrix. It gives such executrix all his estate, real and personal, for her liberal support until she remarries or dies, and from and after either event a division of the same is directed among the objects of his bounty. The widow is given power to sell, make new investments, and to repair and improve real estate, and if she shall deem the income from the estate insufficient to support her in comfort she may use the principal. She is charged with paying from this income $200 a year for the support of a brother under certain conditions, and with doing some work at the cemetery, to be paid

for out of the principal. In making a simple provision that his wife shall have the income from all his estate until she remarries or dies, the testator makes use of the words "in trust," "trust," "executrix," and "trustee," but their application is not to a trust estate separate and apart from her estate as executrix. No duty is imposed upon her as trustee that is not hers as executrix. The scheme of the will does not contemplate a separation of the duties of executrix and of trustee in point of time or in method of procedure. Such a separation is necessary to justify the allowance of double commissions. Johnson v. Lawrence, supra; McAlpine v. Potter, 126 N. Y. 285, 27 N. E. 475; Matter of Hood, 98 N. Y. 363.

There is still another reason which seems to be fatal to the contention of the executors. If the widow was trustee for any one, it was for herself alone, at least until her remarriage, which did not occur. Up to the time of her remarriage or death she was entitled to the whole income. It is well settled that the trustee and the beneficiary must be distinct personalities, or otherwise there could be no trust, and the merger of interests in the same person would affect a legal estate in him of the same duration as the beneficial interest designed. That the legal and beneficial estates can exist and be maintained separately in the same person is an inconceivable proposition. Greene v. Greene, 125 N. Y. 506–510, 26 N. E. 739, 21 Am. St. Rep. 743; Bull v. Odell, 19 App. Div. 605, 46 N. Y. Supp. 306; Matter of Griffin's Will, 167 N. Y. 78, 60 N. E. 284. Where a will makes the sole beneficiary sole trustee, he cannot act as trustee. Rogers v. Rogers, 111 N. Y. 228–237, 18 N. E. 636; Irving v. Irving, 21 Misc. Rep. 743, 47 N. Y. Supp. 1052. The widow, then, was not legally trustee of the income. Neither could she be trustee of the corpus for the legatees who were to take the property after her death, for such trust, if any, sprang into life at the same instant with the executorship and inextricably blended with it. It necessarily follows commissions cannot again be allowed upon such property as has once paid the commissions.

Decreed accordingly.