(89 App. Div. 140.)

TUCK v. KNAPP et al.

(Supreme Court, Trial Term, Onondaga County.  December, 1903.)

1. WILL—TESTAMENTARY TRUST.

Where the same person is, under a will, constituted a trustee and a beneficiary, the trust fails, and such person takes a legal estate.

2. SAME—BANKRUPTCY OF BENEFICIARY.

Where testator gave all his property in trust to his son to pay his sister a certain income for life, and to pay himself the income of the balance until all judgments against him at the time of the testator's death were satisfied, and thereupon to pay to himself the principal of the fund, his trustee in bankruptcy after his discharge was entitled to said principal absolutely.

Action by John B. Tuck, trustee in bankruptcy of Charles W. Knapp, against Charles W. Knapp, individually and as executor of John O. Knapp, and others, to construe a will. Judgment rendered.

Levy & Barrett, for plaintiff.

Homer & Waldo Weston, for defendants.

ANDREWS, J. Section 72 of the real property law (Laws 1896, p. 570, c. 547), which is substantially a re-enactment of the statutes then in force, provides that:

"Every person, who, by virtue of any grant, assignment or devise, is entitled both to the actual possession of real property, and to the receipt of the rents and profits thereof in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest."

It has been said that, in view of this law, the same person cannot be at the same time trustee and beneficiary of the same identical interest. Under such circumstances, no valid trust is created. Chapl. Trusts & Powers, § 115. In Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8, this proposition seems to have been doubted. In that case the court says:

"We entertain some doubt whether a trust is void in its inception where the instrument creating the trust appoints the sole beneficiary the trustee, but we have no doubt that the appointment of the beneficiary as trustee by the court on the death or resignation of the testamentary trustee does not extinguish the trust. The incompatibility of the two relations united in the same person is evident. Whether a trust so constituted in the first instance may not be sustained, leaving it to the court to substitute a competent trustee, will need consideration when the question directly arises."

So far as I can discover, the question never has hitherto directly arisen in this state. But expressions of the courts bearing upon it are found in a number of reported cases.

In Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636, the court, in its argument, and as a reason for its position that the trust created in the will there discussed was valid, says that there was no attempt to unite in the same person the office of the trustee and the interest of the beneficiary.

In Woodward v. James, 115 N. Y. 346, 22 N. E. 150, Judge Finch says:

"The objection is further pressed that the law will not imply a trust where, in the moment of its creation, it will be invalid, and that, as the same person cannot be both trustee and beneficiary, the trust to Mrs. James must fail. It is undoubtedly true that the same person cannot be at the same time trustee and beneficiary of the same identical interest. To say that he could, would be a contradiction in terms, as complete and violent as to declare that two solid bodies can occupy the same space at the same instant. Where, however, the trustee is made beneficiary of the same estate, both in respect to its quality and quantity, the inevitable result is that the equitable is merged in the legal estate, and the latter alone remains."

In Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467, Judge Earl says:

"By the second clause of the will there was an attempt to make Asa L. Hatch trustee for his own benefit during his life. Such a trust cannot be created. To constitute a valid trust, three things are necessary, viz., a trustee, another person, the beneficiary, and property, and without each of the three a trust cannot exist. Asa L. Hatch was, however, entitled to the pos-

session of the land, and also to the rents and profits thereof; and hence, under section 47 (1 Rev. St. p. 727, pt. 2, c. 1, tit. 2), it is clear that he took a legal estate in the land for life."

In Greene v. Greene, 125 N. Y. 506, 26 N. E. 739, 21 Am. St. Rep. 743, Judge Gray says:

"To the constitution of every express trust there are essential these elements, namely, a trustee, an estate devised to him, and a beneficiary. The trustee and the beneficiary must be distinct personalities, or otherwise there could be no trust; and the merger of interests in the same person would effect a legal estate in him, of the same duration as the beneficial interest designed. That the legal and beneficial estates can exist and be maintained separately in the same person is an inconceivable proposition. It is quite as much of an impossibility, legally considered, as it is physically."

In Hoffman House v. Foote, 172 N. Y. 348, 65 N. E. 169, Judge Cullen says:

"That a party cannot well be trustee for himself is settled by the decision of this court in Greene v. Greene."

It is true, this statement is made in a dissenting opinion, but this particular proposition was not controverted by the majority of the court. The same judge makes the same statement in Bull v. Odell, 19 App. Div. 605, 46 N. Y. Supp. 306.

In Mulry v. Mulry, 89 Hun, 531, 35 N. Y. Supp. 618, Judge Ingraham says:

"It has been held by the Court of Appeals that where a trust is attempted to be created, and the beneficiary, who is entitled to the beneficial interest in the trust, is created a trustee, no trust is, in effect, created, but that the person named as trustee and beneficiary takes the entire estate."

Reference may also be made to The People ex rel. Collins v. Donohue, 70 Hun, 317, 24 N. Y. Supp. 437, and Losey v. Stanley, 83 Hun, 420, 31 N. Y. Supp. 950.

The language used in Irving v. Irving, 21 Misc. Rep. 743, 47 N. Y. Supp. 1052, is sufficiently broad to indicate that the learned judge who decided that case held the contrary view. If so, however, what was said on the point was purely obiter.

Many other cases might be cited, but enough have been referred to to show the prevalence of judicial opinion in this state; and in view of the language used in section 72 of the real property law, before cited, it would seem difficult to reach any other result. Where a trust of real property is created, the trustee clearly has the legal title thereto, and is entitled to its possession. If he is the beneficiary, he is also entitled to the receipt of the rents and profits, and consequently is to be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions, as his beneficial interest.

John O. Knapp by his will devised and bequeathed all of his estate to Charles W. Knapp, in trust, first, to set aside a fund of $2,000, and pay the income thereof to his daughter during her natural life; second, to set aside the balance of his estate as a fund by itself, and pay the income thereof to said Charles W. Knapp; third, to pay the balance of his estate to the said Charles W. Knapp at any time after he should have satisfied such judgments as existed against him at the time of the death of the testator. The will further provided that in

case of the death of the said Charles W. Knapp before the title of his property should vest in him—and by this I understand the testator to mean before such judgments were satisfied—then he gave all his property, subject to his daughter's life estate, to his children then living. In case his daughter, however, should die before his son Charles, and Charles should then be entitled to take the balance of his estate, then he was also to have the said $2,000. By this will the testator attempted to do two things: He first created a trust fund of $2,000 for the benefit of his daughter Etta. Dependent upon this trust estate was a remainder to Charles if he survived his sister, and before her death had satisfied the judgments against him. In case Charles died before his sister, the $2,000 was to be distributed among such of the testator's children as might then be living. What would occur in case Charles survived his sister, and had not up to that time satisfied the judgments against him, need not be determined here. So far as this trust is concerned, there is no reason why the testator has not succeeded in making a perfectly valid disposition of his property, and accomplished exactly what he desired. The second trust was created for the benefit of Charles. He was to receive the income until such time as the judgments against him were satisfied. Upon the happening of that event, he was to receive the principal. In case of his death prior to the happening of such event, the property was to go to the children of the testator then living. As to this trust, Charles was both trustee and beneficiary; and he must be deemed to have a legal estate in the fund of the same quality and duration, and subject to the same conditions, as his beneficial interest. The plaintiff in this action is the trustee in bankruptcy of Charles W. Knapp. By virtue of his appointment in him became vested all the property rights which the latter acquired under the will of John O. Knapp. Among other things, he has acquired the right, from the date of his appointment, to all the income arising from the trust which the testator endeavored to create for the benefit of Charles W. Knapp, and the right to the principal of such trust when the judgments against Charles W. Knapp are satisfied. In case such judgments are not satisfied before the death of Mr. Knapp, the trust property will go to the children of the testator who may then be living. But it has been proved in this case that, by reason of his discharge in bankruptcy, Mr. Knapp has been freed of all claims against him. That constitutes, I think, a satisfaction of the judgments, within the meaning of the will. The conditions being performed, the trustee in bankruptcy is entitled absolutely to the remainder of John O. Knapp's estate. After setting apart, therefore, the trust fund for his sister as provided in the will, Charles W. Knapp should account to the trustee for any balance of the estate that may remain after the payment of the debts of the deceased and the expenses of administration.

The action was properly brought by the trustee in bankruptcy. Wood v. Ward, 76 App. Div. 567, 78 N. Y. Supp. 544.

Judgment accordingly.