### HULL v. PALMER et al.

(Supreme Court, Appellate Division, First Department.   March 14, 1913.)

1. PLEADING (§ 214*)—ADMISSION BY DEMURRER—LEGAL EFFECT OF ACTS ALLEGED.

   Allegations in a complaint as to the legal effect of the acts alleged are not admitted by demurrer.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

2. WILLS (§ 684*)—CONSTRUCTION OF TESTAMENTARY TRUST—CONDITIONS PRECEDENT TO SURROGATE'S TITLE.

   Under a will giving a fund in trust for testator's son to pay the income to him, and empowering the trustee in its sole judgment to pay the principal over to such son whenever he became "financially solvent and able to pay all his just debts and liabilities from resources other than the principal of this trust fund," the financial solvency and ability of the beneficiary were conditions precedent to be performed before he acquired any interest or title to the principal of the trust fund.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.*]

3. BANKRUPTCY (§ 148*)—ADMINISTRATION OF ESTATE—TITLE OF TRUSTEE.

   A trustee in bankruptcy takes no higher or greater estate than the bankrupt himself possessed when the trustee was appointed, and the trustee's title, by virtue of his appointment, is no better than he would

---

have acquired if the bankrupt had made an assignment to him; and hence where the conditions upon which a bankrupt was to become entitled to a trust fund were not performed until after his adjudication, and after his debts had been extinguished by his discharge, the bankrupt had no title to the fund at the time of his adjudication which he could have assigned, or which vested in his trustee for the benefit of his creditors, and the fact that at the time of action by his trustee in bankruptcy the fund had been paid to him was immaterial.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 625; Dec. Dig. § 148.*]

4. JUDGMENT (§ 678*)—CONCLUSIVENESS—PARTIES CONCLUDED.

The decree of the Surrogate's Court advisory to a trustee under a will is not res adjudicata in an action by the beneficiary's trustee in bankruptcy seeking to acquire a fund for the benefit of creditors; since the proceeding was not between the same parties or their privies.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1195–1199, 1221; Dec. Dig. § 678.*]

5. BANKRUPTCY (§ 148*)—ESTATE OF BANKRUPT—TIME WHEN FIXED.

Under Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), the bankrupt estate is fixed as of the date of the adjudication, and property acquired thereafter is free from all claims by the trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 625; Dec. Dig. § 148.*]

Appeal from Special Term, New York County.

Action by J. Harry Hull, as trustee in bankruptcy of the estate of Francis J. Palmer, Bankrupt, against Francis J. Palmer, the Farmers' Loan & Trust Company, and others. From an interlocutory judgment sustaining separate demurrer to the complaint by Francis J. Palmer and the Farmers' Loan & Trust Company, plaintiff appeals. Affirmed.

See, also, 65 Misc. Rep. 418, 121 N. Y. Supp. 1099.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

David J. Gallert, of New York City, for appellant.

Edward H. Blanc, of New York City, for respondent Farmers' Loan & Trust Co.

Gerrit Smith, of New York City, for respondent Francis J. Palmer.

SCOTT, J. This action is brought by the trustees in bankruptcy of Francis J. Palmer, who was adjudicated a bankrupt on his own petition on July 22, 1907. On September 11, 1907, the plaintiff was appointed and qualified as trustee of the bankrupt estate, and on November 8, 1907, he presented his report, and was discharged. Thereafter, on May 7, 1908, bankrupt was duly discharged of all his debts. On May 3, 1911, upon the petition of those who had been creditors of said bankrupt, the estate of said bankrupt was reopened for the purpose of administering upon the fund sought to be reached by this action, and on May 20, 1911, the plaintiff was reappointed trustee of said estate. It is not alleged that the discharge of the bankrupt from his debts has been vacated, or set aside, or otherwise disturbed.

Besides stating the foregoing facts, the complaint discloses the cause

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of action relied upon as follows: Charles Palmer, the bankrupt's father, died in the city of New York on or about March 11, 1907, leaving a last will and testament which was thereafter duly admitted to probate. In addition to many other bequests, he made, by the fourth paragraph of his will, the following provision for Francis J. Palmer, the bankrupt:

"Fourth: I give and bequeath and direct that there shall be paid as soon as conveniently may be after my death, to the Farmers' Loan and Trust Company, the sum of fifty thousand dollars, to be held by said, the Farmers' Loan and Trust Company, in trust, for the following uses and purposes, to wit, To invest said money and keep it invested in such securities as to my said trustee may seem proper, and to pay or apply the net interest or income thereof to or for the use of my son, Francis J. Palmer, quarterly during the term of his natural life. It is my wish in making this provision that my said son shall have the principal of said trust fund whenever he shall become financially solvent and able to pay all his just debts and liabilities from resources other than the principal of this trust fund. In order to carry out this design I expressly authorize and empower my said trustee, upon receiving a written statement from my said son saying that he is financially solvent and able to pay his just debts and liabilities from resources other than the principal of this trust fund (which statement my said trustee may act upon without further investigation) or upon receiving such additional evidence of the facts as it in its judgment may require, to pay over to my said son, absolutely in its own judgment, and without its judgment in such case being subject to revision by any other person or authority, the principal of the said trust fund, and thereupon his receipt for said trust moneys shall be full justification and acquittal to the said trustee for the payment thereof. But if my said son Francis should die before the termination of this trust as above provided, then upon his death I direct my said trustee to divide and pay over the principal of said trust fund to the lawful issue of my said son him surviving, in equal shares per stirpes, and in default of such issue to pay the income from said fund quarterly to my said daughter Rosalie H. Coleman, during the term of her natural life, and upon the death of the survivor of my said son and daughter (there being no issue of my son him surviving) to divide and pay over the principal of said fund to the issue of my daughter Rosalie H. Coleman who shall then be living in equal shares per stirpes, to their own use, absolutely and forever."

After Francis J. Palmer's discharge in bankruptcy, the Farmers' Loan & Trust Company instituted a proceeding in the Surrogate's Court of Kings county for the judicial settlement of its accounts, wherein, as it is stated in the complaint, "it was determined by said court that the interest of the defendant Francis J. Palmer in and to the principal of said trust fund had by his discharge in bankruptcy become a vested interest, and that the trust created by the fourth paragraph of the last will and testament of said Charles Palmer was thereby terminated, and that the condition in said will of said Charles Palmer contained was thereby fulfilled and said trust of $50,000 determined." In re Farmers' Loan & Trust Co., 65 Misc. Rep. 418, 121 N. Y. Supp. 1099. Thereafter the Trust Company paid over to Francis J. Palmer in cash and securities the principal of said trust fund, amounting, as it is said, to more than $48,500. It is alleged that said Palmer still holds in his own custody and control some portion of the principal of said trust fund, and has transferred other portions thereof voluntarily and without consideration to certain other persons. It is also alleged that the claims filed and allowed against

the estate of said bankrupt exceeded $83,000, and with interest, costs, disbursements, and allowances in the administration of the bankrupt estate would now exceed the sum of $48,000, and that the trustee has now in his hands no assets of said estate, and that the only asset of the estate is the principal of said trust fund. The relief sought is that Francis J. Palmer and his transferees account for and pay over to plaintiff the moneys and property representing the trust fund and any income derived therefrom by them or either of them, and that the Farmers' Loan & Trust Company account for and pay over to the plaintiff so much of the trust fund and the interest thereon from August 24, 1910 (the date when said fund was paid over to Francis J. Palmer), as may not be recovered from said Palmer and his transferees.

[1] There are certain allegations of law contained in the complaint as to the legal effect of the acts alleged, which, not being admitted by the demurrer, are not included in the foregoing analysis. The defendants Francis J. Palmer and Farmers' Loan & Trust Company, being the only defendants before the court, demur separately, first, that the plaintiff as trustee in bankruptcy of the estate of Francis J. Palmer has no legal capacity to sue for the fund involved in this action, for the reason that no right, title, or interest in or to the said fund ever vested in him, and, second, that the said complaint does not state facts sufficient to constitute a cause of action.

[2, 3] The claim of the plaintiff appellant is that, under the will of his father, Francis J. Palmer acquired a contingent interest in the fund of $50,000 to become vested when he "should become financially solvent and able to pay all his just debts and liabilities from resources other than the principal of this trust fund"; that this condition became satisfied when the said Francis J. Palmer was discharged in bankruptcy and his debts thereby canceled; that, the condition being thus fulfilled, the absolute right to the ownership and possession of the trust fund vested in the trustee in bankruptcy as the owner of the contingent interest therein; and that the principal sum should therefore be paid over to him to be applied to the payment of the debts, the extinguishment of which by the discharge in bankruptcy converted the contingent interest in the fund into a vested interest.

The plaintiff's chief reliance is upon National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, affirmed on opinion below 203 N. Y. 556, 96 N. E. 1122, wherein it was held that a contingent future interest in personal property was alienable, and could be reached in a judgment creditor's action, and Tuck v. Knapp, 42 Misc. Rep. 140, 85 N. Y. Supp. 1001, a case somewhat similar to the present, although not entirely so.

It is desirable, therefore, at the outset, to consider the precise condition upon which under his father's will Francis J. Palmer might receive the principal of the fund put in trust for his benefit. In the first place, there is no express gift to him either in futuro or in præsenti, nor is there to be found a distinct direction to the trustee to pay the principal over to him at any time or upon any condition. The one controlling condition which attached to the payment of the fund

to the son Francis J. Palmer is, not only that he shall become financially solvent, but also that he shall become "able to pay all his just debts and liabilities *from resources other than the principal of this trust fund."* The trustee was made the sole judge as to whether this condition had been complied with, and, having received satisfactory evidence on that point, it was "authorized and empowered," not directed, to pay over the principal to the son "in its own judgment and without its judgment in such case being subject to revision by any other authority," so that the ultimate event upon which payment to the son was to take place was the exercise of the trustee's judgment, which, however, was so limited that it could not be exercised in favor of paying over the principal until it was satisfied that the condition as to solvency and ability to pay his debts had arrived. If we contrast the provisions of this will with those contained in the two cases mainly relied upon by the plaintiff, we shall discern radical differences. In National Park Bank v. Billings, supra, the testator made a bequest to trustees for the benefit of his wife for her life. At her death he provided:

"It is my will and I direct that my trustees and executors or the survivor of them do and shall, at once upon the death of my wife, divide the principal of my estate * * * and set apart one share, one half part, for my son or his issue. * * *"

If the son had not attained the age of 25 years, the share was to be held by him until he attained that age, and then paid over to him. If he died before the death of his wife, or after her death and before attaining the age of 25 years, his share was to be paid to his issue. It was held that the will did contain a gift to the son, not in express words, but in a direction to the trustees to divide and pay, which was held to be equivalent to an express gift in præsenti with futurity attached only to the right of possession. It was therefore found by analogy to the rules affecting devises of real estate that the will created a present property interest which he could assign, which therefore could be reached by his creditors, that the son "acquired upon the death of his father, not a bare possibility merely, but the *right* to the possession and enjoyment of one-half of his father's estate in the event that he should attain the age of 25 years and survive the mother," and "that right *was not subject to the will of a third party."* It is apparent that the will of Charles Palmer, the bankrupt's father, produced a very different condition of affairs. A trustee in bankruptcy, of course, takes no higher estate or greater interest than the bankrupt himself possesses when the trustee is appointed, and the title which the trustee acquires by virtue of his appointment is no better than he would have acquired if the bankrupt had made an assignment to him. Let us suppose that the bankrupt had, in fact, assigned to the trustee his conditional right to be paid the principal of the trust fund. That of itself would carry no right to payment of the principal, for the condition must first be complied with. That condition was that all debts and liabilities should be paid "from resources other than the principal of the trust fund." It certainly would not fulfill this condition if the trustee were to demand possession of

the principal in order to apply it to the payment of the bankrupt's debts, and it is equally certain that the Trust Company could not lawfully pay the principal over either to the bankrupt or the trustee until it was satisfied that the bankrupt had acquired financial ability from resources other than the trust fund itself to pay all of his liabilities. To argue otherwise is to travel in a circle.

We may leave out of sight for the present the fact that the Trust Company has already paid Francis J. Palmer; for the plaintiff claims that it had no right to do so, and consider the question as if the fund were intact in the hands of the Trust Company, from whom plaintiff seeks to collect it. His right to do so would be predicated upon the proposition that Francis J. Palmer's debts were canceled by his discharge in bankruptcy, and consequently that he had no debts and liabilities to be satisfied, and therefore that the conditions in the will had been satisfied. At the same time, however, in order to justify his claim as trustee to collect the fund, he would be compelled to assert that there still were creditors of Palmer who were entitled to have his property applied to payment of their debts, and that it was his purpose, as it would be his duty, if he obtained the principal of the fund, to apply it to the payment of these creditors.

A case somewhat similar to the present, though much stronger for the trustee in bankruptcy, was Hasbrouck v. Follett, decided at the Kings County Special Term. No opinion was written except at Special Term, and that is not reported. The decision sustaining a demurrer to the complaint was affirmed by the Appellate Division (57 App. Div. 627, 68 N. Y. Supp. 1139) and by the Court of Appeals (171 N. Y. 674, 64 N. E. 1121), in both cases without opinion. The case on appeal is on file in the library of the Association of the Bar, and from it can be ascertained the facts and the point decided. One Ann Henderson left a will, by which, among other things, she gave one-third of her residuary estate to the defendant Follett, as trustee, for the benefit of a daughter Frances A. Davenport, with a condition that:

"If Frances A. Davenport shall at any time certify in writing to the then trustee of the trust that she has satisfactorily compromised, adjusted or become freed from any and all claims now outstanding against her, whether now in judgment, suit or otherwise, then said trust shall terminate and said trust fund or estate shall go to her and become hers absolutely."

Frances A. Davenport went into bankruptcy, and her trustee in bankruptcy claimed, as does this plaintiff, to have become vested, by virtue of his appointment, of her conditional right to receive the corpus of the trust estate. He entered into an agreement with all of her creditors for the compromise of their debts at a figure which would enable him to pay them out of the trust fund if he should receive it. He thereupon, acting as be claimed in the right of bankrupt, notified said trustee under the will that he had compromised and adjusted all of the claims against the bankrupt, and demanded that the trust fund be paid to him. Being refused, he sued, and his complaint was demurred to as in the present case. The court at Special Term sustained the demurrer; the court saying:

"It is clear from the language and scope of the will of said Ann Henderson that she intended to provide a fund for the support of her daughter that could not be reached or applied to the payment of debts. The words 'compromised' and 'adjusted' in the fifth clause of the will, like the words immediately following, were designed to operate and did operate to prevent the bankrupt, her trustee, or any other person from terminating the trust, and acquiring the property prior to the actual payment or extinguishment of her debts."

Tuck v. Knapp, supra, upon which the plaintiff also greatly relies, was even more unlike the present case than was the National Park Bank v. Billings. In that case the testator bequeathed all of his estate to his son Charles W. Knapp, in trust (1) to set aside a fund of $2,000 and to pay the income thereof to a daughter for life; and (2) to set aside the balance of the estate as a fund by itself and pay the income to said Charles W. Knapp; and (3) to pay said balance of the estate to the said Charles W. Knapp at any time after he should have satisfied such judgments as existed against him at the time of the death of the testator. Charles was adjudged a bankrupt, and discharged from his debts. It was held that Charles, being trustee and beneficiary, took a legal estate in the fund of the same quality, duration, and subject to the same conditions as his beneficial estate, and hence that his trustee took both the legal and equitable estate subject only to the condition that the judgments against him were satisfied, which conditions, as it was considered, had been fulfilled by the discharge in bankruptcy. In the present case there is no ground for the claim that the bankrupt held at the time of his adjudication, or that his trustee acquired the legal or equitable title to the fund now sought to be followed.

That Francis J. Palmer should satisfy the Trust Company that he was "solvent and able to pay his just debts and liabilities from resources other than the principal of the trust fund," and that the Trust Company should thereupon decide "in its own judgment" that the fund should be paid to him, were clearly conditions precedent to be performed before he acquired any right or title to the trust fund. Kenyon v. See, 94 N. Y. 563; Booth v. Baptist Church, 126 N. Y. 241, 28 N. E. 238. That condition had not been complied with when he became adjudicated a bankrupt, and was never complied with until his debts had been extinguished by his discharge. He had therefore no title to the fund at the time of his adjudication which he could have assigned, or which passed to his trustee, and consequently the latter never acquired any such title.

[4] We do not consider that the decree of the Surrogate's Court referred to in the complaint affects in any way the issues involved in the present action. It certainly is not res adjudicata of any question because the proceeding was not between the same parties or their privies. In any aspect, it can only be considered as advisory to the Trust Company as trustee, which still had the right and was bound, under the terms of Charles Palmer's will, to form its own judgment as to the propriety of paying over the principal "without its judgment in such case being subject to revision by any other person or authority." We have treated the case, for convenience of discussion, as if

the fund still remained in the hands of the trustee under the will, from whom the trustee in bankruptcy seeks to recover it. It is quite evident that the fact that the Trust Company has already paid over the principal to Francis J. Palmer cannot help the plaintiff's cause of action. His claim, if he has one, must relate back to the time of the adjudication in bankruptcy and find its foundation in the interest which Francis J. Palmer then had, and which, as plaintiff asserts, then became vested in his trustee in bankruptcy.

[5] The bankrupt estate is fixed as of the date of the adjudication in bankruptcy, and property acquired after that date is free from all claims by the trustee in bankruptcy. Bankr. Act, § 70; Collier on Bankruptcy (7th Ed.) pp. 809, 810.

It follows that the judgment appealed from must be affirmed, with costs. All concur.