### YOUNG et al. v. YOUNG et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. TRUSTS—TERMINATION—WILL CONSTRUED—"DISCHARGE."

Testator willed property to his executors to be held during his son's life for the son's benefit, and be held after the son's death for his heirs' benefit, provided that, on the son discharging all his debts and being in the executors' judgment, solvent, they might terminate the trust by conveying the property to him absolutely, the executors' indenture to contain a covenant and affidavit on the son's part that there are no judgments unsatisfied of record against him, and that he is worth at least $100 above his property exempt from execution. *Held*, that testator intended to place the property beyond his son's creditor's reach, and that debts discharged by bankruptcy and those evidenced by judgments barred by limitations were discharged within the meaning of the will authorizing a termination of the trust, and that the existence of a few small debts did not prevent such termination, he being worth more than the $100 above his property exempt from execution; he not being required to "pay" his debts.

2. WORDS AND PHRASES—"SOLVENCY."

One is solvent when able to pay his debts and liabilities.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6549–6550; vol. 8, p. 7802.]

Appeal from Special Term, Westchester County.

Action by Caroline W. Young and another against Rebecca Young, individually and as William A. Young's executrix, and others. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John Jay McKelvey, for appellants.
John H. Ferguson, for respondent Rebecca Young.

MILLER, J. Isaac Young died prior to June 23, 1868, leaving a will which contained the following clause:

"Sixth. One other fifth part of all the rest and remainder of my Estate real and personal, I give and devise to my Executors hereinafter appointed to have and to hold to them and their successors during the term of the natural life of my son William A. Young, upon trust, nevertheless to receive all the rents, income and profits thereof, and to apply the same to the use of my said son

during his life and after his death I give and devise the said one fifth to his heirs at law and next of kin, to have and to hold to them in the same proportions and to be divided and distributed among them in the same manner as if my said son William A. had been in possession thereof during his lifetime and had died intestate. If however my said son William A., should at any time during his lifetime discharge all his debts and liabilities, and be in the judgment of my said Executors, entirely solvent. then, I authorize my said Executors to put an end to this trust by conveying to my said son William A., his heirs and assigns forever all the said one-fifth of my estate so held by the said executors in trust, under this clause of my Will. The indenture to be executed by my said executors to my said son William A. of the said one fifth for the purpose of terminating the said trust, to contain a covenant and affidavit on the part of my said son William A., that there are no judgments unsatisfied of record against him, in any Court of the United States or of any of the States, and that he is worth at least the sum of one hundred dollars over and above his property exempt from execution."

On the 17th day of January, 1898, the trustee executed instruments terminating said trust, and conveying and assigning to the said William A. Young the corpus of the trust estate. Subsequently said William A. Young died, leaving a will bequeathing and devising said property to his widow. This action is brought by the daughters of said William A. Young to set aside said instruments, and to compel the widow of said William A. Young to account for such property. The appeal is from a judgment dismissing the complaint on the merits.

We may assume without deciding that the plaintiffs took vested remainders under the will of said Isaac Young, subject to be divested by the happening of conditions subsequent, and that the conditions prescribed by the said testator upon which the trustee might terminate the trust were conditions precedent to the termination of the trust and the conveyance and assignment of the trust estate to the beneficiary absolutely. The question before us is purely one of construction of said sixth paragraph of the will of Isaac Young. The trustee was authorized to terminate the trust in case the said son should discharge all his debts and liabilities, and be in the judgment of the trustee entirely solvent. The appellants contend that that condition was not complied with, and, in proof of that, sought to establish upon the trial three classes of debts: (1) Debts set forth in the schedules in bankruptcy proceedings of which the bankrupt was discharged by a final discharge in bankruptcy; (2) debts evidenced by judgments which were barred by the 20-year statute of limitations; (3) alleged debts amounting to $112 existing at the time of the termination of the trust. It appeared that said William A. Young at the time of the attempted termination of the trust owed a physician $6 for professional service, and his son-in-law $6 for borrowed money. It was asserted that he owed his daughter $100. The only proof of that, however, was a letter written by his lawyer after the termination of the trust wherein the lawyer acknowledged the debt, but stated that it was barred by the statute of limitations. It was proven that at the time of said attempted termination of the trust said beneficiary had a balance to his credit in the bank of $256.52. The instrument terminating the trust contained a covenant of the said beneficiary and an affidavit to the effect that there were no judgments unsatisfied of record against him in any court of the United States or of any of the states, and that he was worth at

least the sum of $100 over and above his property exempt from execution.

The appellants contend that the testator intended that the trust should be terminated only in the event that the said son showed that he was possessed of the habits and the business capacity prudently to manage his estate, and that he should give evidence of the possession of such habits and business capacity by paying all his debts and liabilities. But the will in question contained no such provisions in respect of habits and business capacity as were contained in the will considered in Cushman v. Cushman, 116 App. Div. 763, 102 N. Y. Supp. 258, affirmed 191 N. Y. ——, 84 N. E. 1112. The appellants argue that the son was required to pay all his debts and liabilities, and that a discharge in bankruptcy was not a discharge by the debtor; that, in any event, the judgments barred by the statute of limitations were not discharged; that the debt survived though the remedy was barred, and that the trifling debts which were concededly enforceable at the time of the attempted termination of the trust were alone sufficient to show that the conditions prescribed by the testator had not been complied with. It may be conceded that a debt against which the statute of limitations has run is not technically discharged. Unless the statute were pleaded as a defense, a judgment could be recovered upon it and it could be revived; but we are to determine the sense in which the testator used the expression. We think that the testator intended merely to put the property devised and bequeathed by said sixth paragraph beyond the reach of the creditors of said son. He said nothing about qualities which the son should show in order to be entitled absolutely to said property, and the requirement that the son should discharge his debts and liabilities, coupled as it was with the provision that he should be in the judgment of the trustee entirely solvent, shows what the testator intended. One is solvent who is able to pay his debts and liabilities; and, in determining solvency, debts which had been discharged by bankruptcy proceedings or upon which any remedy was barred by the statute of limitations could not be considered. The testator intended merely that the son should be freed from debt, and he did not prescribe any method by which that freedom from debt should be secured. He prescribed the evidence which the trustee must have of solvency; i. e., an affidavit that there were no judgments unsatisfied of record, and that the son was worth at least the sum of $100 over and above his property exempt from execution. A judgment upon which any remedy was barred was not a judgment unsatisfied of record within the meaning of the testator. The trifling debts which the son concededly owed at the time of the termination of the trust were plainly not such as the testator had in mind. What he required was solvency —that the son should be worth $100 over and above his property exempt from execution—and there is no question but that the son was worth that amount. While we have found no decided case, and none are cited, involving the precise language used by the testator, we think his meaning is free from doubt, and that the condition precedent to the termination of the trust which he prescribed was complied with.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.