ing on deposit at his death. The provision for her concerned not the sums contained in the deposit, but their remnant at his death; and his solicitude that they should not be unwisely depleted does not impair, but rather supports, her claim.

The act of the accountant in signing a receipt for the bankbook and the note in her capacity as administratrix, though given full force as her declaration against her present contention, does not detract from the force of the conduct and statements of the intestate. When he changed his bank deposit from his own sole name to the names of himself and the accountant, the act unquestionably betokened an intention that his money should be held and disposed of in some way other than would have been its disposition if it had remained to his sole credit. It is equally certain that the intention to change the condition of the moneys concerned the person whose name was added to the account. This disposition of the deposit, with his subsequent statements, supplies evidence quite as forcible as any evidence derivable from the act of a husband who, without any declaration of his purpose, has merely made the joint deposit.

This depositor has avowed his intention that the person joined with him in the deposit should have all if he did not come back. He gave sound reason, if he did not prove consideration, for his arrangement in her behalf; and he said that the amount of the deposit belonged to her.

The objection that the accountant does not charge herself with the amount of the bank balance and the note is overruled, on the ground that both have belonged to her since the death of the intestate.

Decreed accordingly.

---

(65 Misc. Rep. 418.)

### In re FARMERS' LOAN & TRUST CO.

(Surrogate's Court, Kings County. December, 1909.)

WILLS (§ 686*)—CONSTRUCTION—"FINANCIALLY SOLVENT."

Testator by his will directed a trust fund to be paid over to the beneficiary whenever he became "financially solvent" and able to pay all his just debts from other resources than the principal of the trust fund. *Held*, that where, after testator's death, the beneficiary was discharged from all debts in bankruptcy, he was entitled to receive the fund.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 686.*]

In the matter of the settlement of the account of the Farmers' Loan & Trust Company, executor of Charles Palmer, deceased. Decree rendered.

Turner, Rolston & Horan, for executor.
Gerrit Smith, for Francis J. Palmer.
Frederick I. Pearsall, special guardian.

KETCHAM, S. The will of the decedent provided as follows:

"Fourth. I give and bequeath and direct that there shall be paid as soon as conveniently may be after my death, to the Farmers' Loan and Trust Company, the sum of fifty thousand dollars, to be held by said the Farmers' Loan and Trust Company, in trust, for the following uses and purposes, to wit:

To invest said money and keep it invested in such securities as to my said trustee may seem proper, and to pay or apply the net interest or income thereof to or for the use of my son Francis J. Palmer, quarterly during the term of his natural life. It is my wish in making this provision that my said son shall have the principal of said trust fund whenever he shall become financially solvent and able to pay all his just debts and liabilities from resources other than the principal of this trust fund. In order to carry out this design I expressly authorize and empower my said trustee, upon receiving a written statement from my said son saying that he is financially solvent and able to pay his just debts and liabilities from resources other than the principal of this trust fund (which statement my said trustee may act upon without further investigation) or upon receiving such additional evidence of the facts as in its judgment may require, to pay over to my said son, absolutely in its own judgment, and without its judgment in such case being subject to revision by any other person or authority, the principal of the said trust fund, and thereupon his receipt for said trust moneys shall be full justification and acquittal to the said trustee for the payment thereof."

At the time of the testator's death, Francis J. Palmer was indebted in large sums and had no money of his own with which to pay the same. After his father's death, upon his voluntary petition in bankruptcy, a decree was entered duly discharging him from all debts provable against him under the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]); and it is assumed, as the arguments all suggest, that the only debts owing by him at the time of his father's death were the subject of the discharge. The said Francis J. Palmer has filed with the trustee a statement whereby he alleges that he is "financially solvent and able to pay all his just debts and liabilities from resources other than the principal" of the trust fund created by the language quoted supra. Upon the motion of the trustee the question arises as to whether or not, under the construction of the paragraph of the will quoted supra and the facts shown, the trustee is under the duty of paying to the son the sum of $50,000 mentioned in the said paragraph.

In Young v. Young, 127 App. Div. 130, 111 N. Y. Supp. 341, the beneficiary was entitled to the trust fund if he should "discharge" all his debts and liabilities and "be in the judgment of the executors entirely solvent." The court say:

"We think that the testator intended merely to put the property devised and bequeathed by said sixth paragraph beyond the reach of the creditors of said son. He said nothing about qualities which the son should show in order to be entitled absolutely to said property, and the requirement that the son should discharge his debts and liabilities, coupled as it was with the provision that he should be, in the judgment of the trustee, entirely solvent, shows what the testator intended. One is solvent who is able to pay his debts and liabilities, and, in determining solvency, debts which had been discharged by bankruptcy proceedings or upon which any remedy was barred by the statute of limitations could not be considered. The testator intended merely that the son should be freed from debt, and he did not prescribe any method by which that freedom from debts should be secured."

The reasoning which is applied to a case where the verbal requirement was that the son should do an affirmative act, viz., "discharge his debts," loses nothing in application to the present case, where the duty of the trustee depends, not upon the doing of any act by the son, but solely upon his attainment of a certain personal condition. If his present situation comes within the terms of the will, he is entitled to

the fund, whether that situation has been achieved by his efforts or has happened to him.

That he is financially solvent must be confessed under the decision quoted. Associated with the term "financially solvent" are the words "able to pay his just debts," etc. These two expressions are not at variance, and were not introduced into the will to neutralize or endanger each other's meaning. The latter member of the expression "able to pay," when coupled with the words "financially solvent," is to be known by the company it keeps; and the ability to pay, which was in the testator's thought, must be construed to have been that sort of ability which consorts with and does not exceed or distort the meaning contained in the words "financially solvent."

Moreover, the son here concerned is able to pay his just debts, since there are none left which are legally enforceable. Whether "just debts" include obligations formerly enforceable, but later made subject to defenses and no longer enforceable by law, has been determined in situations not unlike the case at bar. The common direction in a will that "all just debts shall be paid," or that testamentary dispositions shall take effect "after the payment of just debts," is held not to include debts once due, but now subject to the defense of the statute of limitations. Martin v. Gage, 9 N. Y. 298. See, also, 4 Words and Phrases Judicially Defined, sub nom. "Just Debts," p. 2902.

The same rule is laid down with regard to debts directed to be paid, to which the defense of infancy at the time of the making of the debt is available. Smith v. Mayo, 9 Mass. 62, 6 Am. Dec. 28. Such a direction in a will is said not to avail a creditor who, holding an otherwise just debt, neglects the usual means of proving demands until after the estate is closed. Collamore v. Wilder, 19 Kan. 67. Under a statute that upon assessment for taxation "just debts" shall be deducted, it is said:

"The use of the term 'just debts' in the statute plainly implies that legal, valid, and incontestable obligations must be shown in order to entitle the estate to the benefit of the statute." People ex rel. Osgood v. Commissioners, 99 N. Y. 154, 1 N. E. 401.

In the will under consideration, the testator directed that "all his just debts be paid." Is it conceivable that in the same instrument he used the same expression to mean two different things: first, when applied to his own debts; and, secondly, when applied to the son's debts? The beneficiary is able to pay all debts which are "just" in law. Those which the law will not make him pay, if he invokes a defense which the law has given him, cannot be "just."

The conclusion is that, whether or not the executor accepts the certificate or written statement of the beneficiary, it is become one of the express conditions of its trust that the son shall have the principal of the trust fund, because he has become "financially solvent and able to pay all his just" debts and liabilities from resources other than the principal of this fund. The jurisdiction of the surrogate has not been questioned, and is possibly ample to justify the direction that the decree shall provide for the payment of the $50,000 accordingly.

Decreed accordingly.