JACOB J. WELLER V. PETER NOFFSINGER ET AL.

FILED JANUARY 19, 1899.  No. 8622.

| 57 | 455 |
| 57 | 729 |

1. **Wills:** RIGHTS CONFERRED BY LAW: ELECTION. If the rights given by a will are inconsistent with those conferred by the law, the acceptance of the former is, by necessary implication, an abandonment of the latter.

2. ————: CONDITIONAL DEVISE: TRUSTS: TITLE OF EXECUTOR. A devise, subject to a condition that the executor shall hold the property in trust for a number of years and collect rents, pay taxes, charges, and expenses incident to the proper care of the estate, and account annually to the beneficiary for the balance, vests the legal title to the property in the executor.

3. ———: ————: ———: ALIENATION. In such case a condition that the devised property shall not be aliened or incumbered by the beneficiary, or liable for his debts, during the existence of the trust estate, is valid and enforceable.

ERROR from the district court of Richardson county. Tried below before STULL, J. *Affirmed.*

*Reavis & Reavis,* for plaintiff in error.

References: *Kelley v. Kelley,* 50 N. W. Rep. [Wis.] 334; *Roberts v. Executors,* 1 Disn. [O.] 180; *Allen v. Craft,* 109 Ind. 476; *Stivers v. Gardner,* 55 N. W. Rep. [Ia.] 516; *Van Osdell v. Champion,* 62 N. W. Rep. [Wis.] 539; *Jordan v. Woodin,* 61 N. W. Rep. [Ia.] 950; *Little v. Giles,* 25 Neb. 313; *Ingersoll's Appeal,* 86 Pa. St. 240; *Doebler's Appeal,* 64 Pa. St. 9; *Nichols v. Eaton,* 91 U. S. 716; *Page v. Way,* 3 Beav. [Eng.] 20; *Piercy v. Roberts,* 1 Mylne & K. [Eng.] 4; *Rippon v. Norton,* 2 Beav. [Eng.] 63; *Cropley v. Cooper,* 19 Wall. [U. S.] 167; *Hart's Trusts,* 3 De Gex & J. [Eng.] 202; *Hanson v. Graham,* 6 Ves. Jr. [Eng.] 239; *Hammond v. Maule,* 1 Coll. [Eng.] 281; *Burrill v. Sheil,* 2 Barb. [N. Y.] 471; *Bayard v. Atkins,* 10 Pa. St. 20; *Provenchere's Appeal,* 67 Pa. St. 463; *Hanson v. Brawner,* 2 Md. 102; *Nixon v. Robbins,* 24 Ala. 669; *Goodtitle v. Whitby,* 1 Bur. [Eng.] 234; *Boraston's Case,* 3 Coke Rep. [Eng.] 21; *Mandlebaum v. McDonell,* 29 Mich. 78.

*F. Martin* and *C. Gillespie, contra.*

SULLIVAN, J.

This was an action of ejectment by Jacob J. Weller against Peter Noffsinger and Robert Williamson. Both parties claim under the will of Calista Blakeney, deceased, which was admitted to probate in the county court of Richardson county in 1891. The plaintiff relies on a title derived from an execution sale of the interest of Daniel H. Blakeney and Frank L. Blakeney in the property in controversy. The defendant Williamson claims to hold the title to the property in trust, and the

other defendant is his tenant in possession. The rights of the litigants depend upon a construction of the will by which, in the first clause, the testatrix devised and bequeathed to her husband, Daniel H. Blakeney, and to her son, Frank L. Blakeney, all her real and personal property, subject to the following conditions: "I wish all my just debts and taxes to be paid. I wish, and it is my will, that Robert Williamson, of said Nemaha precinct, hold said property in trust, and as trustee for my said husband and my said son, until my son, the said Frank L. Blakeney, shall arrive at the age of thirty (30) years. And then the said property, all the real and personal property belonging to my said estate, shall be divided equally between my said husband, Daniel Blakeney, and my said son, Frank L. Blakeney, each to share equally and alike in the division of the same, and the same to be theirs, their heirs and assigns, forever. In the interval of time intervening between my death and the date when my said son, Frank L. Blakeney, shall reach the age of thirty (30) years, as above, it is my will that the said trustees shall collect the rents, issues, and profits of my said estate and divide the sum remaining, after paying all taxes, charges, and expenses incident to the proper care of said estate, equally between my said husband, Daniel Blakeney, and my said son, Frank L. Blakeney. But neither my husband nor son shall be permitted or allowed to further incumber said estate, or put any charge or lien upon the said estate during said interval of time that shall intervene between my death and the period when my son Frank shall reach the age of thirty (30) years, as aforesaid. Nor shall said estate be subject to any debts contracted by either my said husband or son, other than the said balance in the hands of said trustee after paying said charges and expenses, taxes, etc." The will also declares that the testatrix intended thereby "to put said property in trust as above" until her son should reach the age of thirty years, at which time it is provided the entire estate "shall be

and vest" in the husband and son and be divided equally between them.

The first proposition for which plaintiff contends is that, as purchaser at the execution sale, he acquired the title of Daniel Blakeney, as tenant by the curtesy, of the property in dispute. We do not think he did. By a written indorsement on the will Daniel H. Blakeney consented to its provisions, and by his subsequent conduct he very clearly renounced the rights secured to him by the statute. In *McBride's Estate*, 81 Pa. St. 305, it is held that the husband's right of curtesy is lost by joining in, or consenting to, a will made by his wife. And in *Tobias v. Ketchum*, 32 N. Y. 324, it was decided that if the rights given by the will are inconsistent with those conferred by the law, the acceptance of one is, by necessary implication, an abandonment of the other. While the provisions of the will in favor of Mr. Blakeney are not expressly declared to be in lieu of curtesy, yet there is such manifest repugnance between his testamentary and his statutory rights that both cannot possibly co-exist. By accepting the benefits of the will he elected to surrender his rights under the statute. To hold otherwise would defeat the obvious purpose of the testatrix in disposing of her property. The trust in favor of Williamson and an estate by curtesy in Blakeney could not stand together. To the claim that Blakeney could not release his estate by curtesy to the prejudice of creditors, it is only necessary to remark that the record before us does not disclose that he had any creditors at the time the release became effective.

The next contention, and the one upon which plaintiff mainly relies for a reversal of the judgment against him, is that the Blakeneys, the execution defendants, were invested with the legal title to the land in question, and that Williamson, as trustee, took nothing more than a right to collect the rents, pay taxes, make repairs, and account annually for any surplus remaining in his hands. To this proposition we cannot assent. It is true Mrs.

Blakeney did not, in express terms, grant the legal title to Williamson, but her intention that he should possess it is shown in the most unmistakable manner. No rule of law is better settled, or more in accord with good sense, than that which requires the intention of the testator to be ascertained from a liberal interpretation and comprehensive view of all the provisions of the will. No particular words, no conventional forms of expression, are necessary to enable one to make an effective testamentary disposition of his property. The court, without much regard to canons of construction, will place itself in the position of the testator, ascertain his will, and, if lawful, enforce it. The devise to the husband and son is declared to be subject to the condition that Williamson shall "hold said property in trust and as trustee" until Frank shall reach the age of thirty years. The trustee is to collect the rents, pay the taxes, charges, and expenses incident to the proper care of the estate, and account for the balance. The trust is to continue until 1901, and then "vest absolutely." The declaration that the property is to vest absolutely at a fixed date denotes with moral certainty the intention of the testatrix that it should not so vest before that time, and is alone sufficient to warrant us in holding that the execution defendants never possessed the legal title to the land in controversy. But there is another imperative reason for the conclusion, and that is, that Williamson could not effectively discharge the duties imposed on him by the will without being invested with the legal title. In *Tobias v. Ketchum, supra*, it is said: "The authority to rent and lease, to repair, and to insure, by necessary implication, vests the trustees with the legal title. They must not only execute leases, but enforce them; put in tenants and dispossess them, the proper performance of which requires the title of the estate. So to repair there must be such a right of entry and control in the trustees as to give them complete dominion; and to insure involves the necessity of ownership, for the policy must be

taken in the name of the trustees." Speaking of cases in which the whole estate is apparently given to the beneficiary and there is no direct devise to the executors, Mr. Pomeroy, in his work on Equity Jurisprudence, says: "The doctrine is settled that, in dispositions of such a nature, although there is no devise in terms to them, the authority conferred by the will upon the executors to lease, rent, repair, insure, pay taxes, assessments, and interest, and otherwise manage the trust property, and to pay over the net income to the devisees or legatees, necessarily carries the legal title to the executors, and creates an express active trust in them. It is a familiar doctrine that where land is conveyed or devised to trustees, and they have active duties to perform, they take the legal estate. The converse is also generally true, that where active duties are prescribed for executors, which could not be performed unless the legal estate is vested in them, they are in fact made trustees and necessarily take the legal estate for the purposes of the trust." (2 Pomeroy, Equity Jurisprudence sec. 1011. See, also, *Brewster v. Stryker*, 2 N. Y. 19; *Leggett v. Perkins*, 2 N. Y. 297; *Meek v. Bliss*, 87 Ia. 610.)

But it is strenuously insisted in the brief filed for the plaintiff that, if the legal title vested in Williamson, the purpose of the devise, and of the inhibitions against alienation, being to keep creditors at bay, contravenes public policy and is absolutely null. Again we feel constrained to differ with the learned counsel. It has long been the settled doctrine of the English courts that one to whom real estate has been devised cannot enjoy its beneficial use freed from the claims of his creditors. But it is also a well established rule of the same courts that a devise of land in trust with a condition that the estate of the beneficiary shall be divested by an attempt to convey it, or an attempt by creditors to seize it for the satisfaction of their claims, is valid and will be enforced. The doctrine is grounded upon the idea that the right of alienation is a necessary incident of a freehold estate,

and that public policy forbids that one should enjoy even the fruits of a benefaction to the exclusion of his creditors. "A disposition to a man until he shall become bankrupt," says Lord Eldon, "and after his bankruptcy over, is quite different from an attempt to give to him for his life, with a proviso that he shall not sell or alien it." (*Brandon v. Robinson*, 18 Ves. Jr. [Eng.] 433*.) It is accordingly held in England that the beneficial interest of the *cestui que trust* is liable for the payment of his debts, and that testamentary restrictions intended to secure to him the enjoyment of an estate with immunity from his creditors are ineffective. To this rule a considerable number of the American state courts are committed, and it is supported by a dictum of Mr. Justice Swayne in the case of *Nichols v. Levy*, 5 Wall. [U. S.] 433. It is clear, however, that the current of modern decisions in this country does not follow the English rule. The right of alienation is no longer regarded as an inseparable incident of a life estate, and the distinction pointed out by Lord Eldon is deemed a mere refinement which forbids by direct means the accomplishment of a purpose which is permitted by circuity and indirection. In Pennsylvania, Missouri, and Tennessee the rule has been distinctly repudiated, notwithstanding it had been either adopted or countenanced by earlier decisions in those states. And in the case of *Nichols v. Eaton*, 91 U. S. 716, Mr. Justice Miller delivering the opinion of the court said: "But the doctrine that the owner of the property, in the free exercise of his will in disposing of it cannot so dispose of it, but that the object of his bounty, who parts with nothing in return, must hold it subject to the debts due his creditors, though that may soon deprive him of all the benefits sought to be conferred by the testator's affection or generosity, is one which we are not prepared to announce as the doctrine of this court. * * * Nor do we see any reason in the recognized nature and tenure of property and its transfer by will why a testator, who gives without any

pecuniary return, who gets nothing of property value from the donee, may not attach to that gift the incident of continued use, of uninterrupted benefit of the gift during the life of the donee. Why a parent, or one who loves another and wishes to use his own property in securing the object of his affection as far as property can do it, from the ills of life, the vicissitudes of fortune, and even his own improvidence or incapacity for self-protection, should not be permitted to do so is not readily perceived." In *Shankland's Appeal*, 47 Pa. St. 113, it was held that a trust to collect rents and pay over the same to the son of the testatrix during the term of his life, without being subject to his debts, was an active trust; that the legal estate was vested in the trustee and that no act of the *cestui que trust*, or of his creditors, could deprive him of the income. Other decisions affirming the validity of trusts like the one here in question are: *Hyde v. Woods*, 94 U. S. 523; *Smith v. Towers*, 69 Md. 77; *Lampert v. Haydel*, 96 Mo. 439; *Barnett's Appeal*, 46 Pa. St. 392; *Broadway Nat. Bank v. Adams*, 133 Mass. 170; *Nickell v. Handly*, 10 Gratt. [Va.] 336; *Leavitt v. Beirne*, 21 Conn. 1; *Pope v. Elliott*, 8 B. Mon. [Ky.] 56; *Campbell v. Foster*, 35 N. Y. 361; *Jourolmon v. Massengill*, 86 Tenn. 81; *Barnes v. Dow*, 59 Vt. 530; *Thackara v. Mintzer*, 100 Pa. St. 151.

Our conclusions are that the devise to Williamson vested in him the legal title to the real estate described in the will; that the inhibitions against aliening and incumbering the property are effective; that the provision of the will excluding creditors neither trenches upon their legal rights nor infringes any principle of public policy; that the judgment under which plaintiff claims was not a lien on the land and that the sheriff's deed to him conveyed no title. The judgment of the district court is

AFFIRMED.