JOHN A. BEALS, TRUSTEE IN BANKRUPTCY, APPELLANT, V. THOMAS F. CROUGHWELL ET AL., APPELLEES.

299 N. W. 638

FILED JULY 29, 1941. No. 31164.

*James J. Fitzgerald,* for appellant.

B. A. *Rose* and A. F. *Alder, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

The trustee in bankruptcy brought this action in behalf of Thomas F. Croughwell, pursuant to a written order issued by the referee in bankruptcy. During the pendency of the litigation, plaintiff, John A. Beals, died, and the action was revived in the name of his successor.

Section 20-21,143, Comp. St. 1929, provides in part: "Any person interested as or through an executor, * * * trustee, * * * in the administration of a trust, or of the estate of a decedent, * * * or insolvent, may have a declaration of rights or legal relations in respect thereto: (a) To ascertain any class of creditors, * * * or (b) To direct the executors, * * * trustees to do or abstain from doing any particular act in their fiduciary capacity; or (c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." The foregoing provision of the statute constitutes the basis of the plaintiff's case.

The petition alleges that Catherine Largey died in Loup county, Nebraska, on or about December 21, 1935, leaving a last will and testament. The will, by its terms, created a trust for a period of five years from the date of decedent's death. During the five-year term the income from all property, real and personal, remaining after certain bequests, was to be paid to Thomas F. Croughwell, subject, however, to the provision that the income from the trust *res* should not be subject to any garnishment, attachment or legal process, and should not be subject to the payment of any of his debts or be reached for the use and benefit of his creditors by any legal process, or by any order of a court of bankruptcy. We here set forth a provision of the will which gives rise to the controversy:

"At the end of five years from the time said estate vests as above provided for in the said Mary Croughwell

for the uses herein set forth, if upon that date said nephew, Thomas F. Croughwell, owes no debts which may be enforced against him by legal process, then in that event, and in that event only, all of my real estate and all of my said personal property, and all of the property which shall then vest in said Mary Croughwell in trust as herein provided for, or her successor in such office, shall at once go to and become the absolute property of the said Thomas F. Croughwell, and my said Trustee, or her successor in trust, shall thereupon execute and deliver to the said Thomas F. Croughwell all necessary instruments in writing and take such other steps as may be necessary to vest all of said estate at that time in the said Thomas F. Croughwell in accordance with my said wishes and the terms of this last Will and Testament.

"In the event, however, that the said Mary Croughwell, as such Trustee, or her successor in trust, shall for any reason, at that time and under the conditions herein set forth, fail to so vest the title to said property in the said Thomas F. Croughwell, the latter shall then have the right by proper action in court to quiet in himself the title of said property."

The petition further alleges that Thomas F. Croughwell filed a petition in bankruptcy, was declared a bankrupt, and there are no funds with which to pay the creditors in the bankruptcy court except the real estate devised by Catherine Largey; that the attempt on the part of the testatrix to grant the beneficial enjoyment of the property and to provide the beneficiary of the trust with the means to secure the fee simple to the corpus of the trust, and at the same time exempt the corpus of the trust from the claims of creditors, is void and contrary to public policy, and that the creditors are entitled to have the property subjected to the payment of their claims, and prays that the court instruct the executrix and the trustee of the will as to the disposition to be made of the corpus of the trust.

The answer of Thomas F. Croughwell denies that the testamentary trust is a dry, passive trust, or a trust that

is illegal, immoral, or against public policy, and generally denies the affirmative allegations of the plaintiff's petition; alleges affirmative subject-matter as to the legality of the trust and his right to benefit thereby; prays that the trust provisions be held legal as to him. The answer of Catherine M. Croughwell, for the purposes of this case, alleges that she has a contingent remainder interest in the property, subject to the life estate of Thomas F. Croughwell, and prays that she be decreed such remainder interest, and further that she be entitled to receive the income from the trust property as long as there are debts outstanding against Thomas F. Croughwell. The reply is a general denial.

The cause was submitted on the pleadings without factual controversy. The court decreed and adjudged that the trust created by the will of Catherine Largey, in favor of her nephew Thomas F. Croughwell, is an active spendthrift trust and vests the legal title to her estate in the trustee; further decreed and adjudged that the terms of the trust be strictly carried out; that the terms thereof excluding creditors are legal and that the plaintiff in the instant action, representing the creditors of Thomas F. Croughwell (the beneficiary of the testamentary trust), has no interest in the estate and no right to subject it to the payment of claims of said creditors. Judgment was rendered accordingly. From this judgment, plaintiff appeals.

Thomas F. Croughwell, a nephew of the deceased, had been reared by her from infancy. Before the making of the will he was insolvent, owing debts aggregating $75,000. It is apparent from the will that Catherine Largey did not desire any part of her money or property which she would leave to her nephew to go to the payment of his debts.

Plaintiff directs our attention to the paragraph of the will above set out, contending that such paragraph makes the trust the temporary depository for the property until such time as Thomas F. Croughwell successfully eludes his creditors; that when he has succeeded in doing so, he shall

receive the full title to all the property. It is plaintiff's contention that the will devises only the bare legal title to the trustee, and grants to the beneficiary the right to the proceeds, together with the right to secure the legal title, thereby creating a dry, passive trust, and that equity will consider the legal as well as the equitable title merged in the *cestui que trust* and subject to execution by his creditors. In support of such contention, plaintiff cites the Nebraska cases of *Flanagan v. Olderog,* 118 Neb. 745, 226 N. W. 316, and *Hill v. Hill,* 90 Neb. 43, 132 N. W. 738. The provisions of the wills in the foregoing cases are as follows:

In *Flanagan v. Olderog, supra:* "I give and bequeath unto my beloved daughter Ann L. Flanagan, to be held in trust by her for my beloved son Bernard W. Flanagan, his heirs and assigns, one-fourth (¼) of all the residue of my estate subject only to the bequests and devises above set forth in paragraphs first, second and sixth."

In *Hill v. Hill, supra:* "I will and bequeath to my nephew, John W. Hill, Jr., in trust for my lawful heirs, all my estate, both real and personal, of every kind and nature, to be held by said trustee for the term of five years, and to be distributed among my lawful heirs at the end of such period."

It is obvious that the provisions of the wills in these two Nebraska cases neither expressly nor by implication imposed upon the trustee an affirmative and substantial duty to perform, or useful purpose to subserve, or discretion to exercise, with respect to the control, protection, management, maintenance or disposition of the trust property, but, rather, placed the trustee in a position only where the trustee constituted merely a temporary lodging place for the legal title as a matter of convenience. In the instant case the provisions of the will are distinctly different and create an entirely different situation. The trustee is obligated to perform affirmative and substantial duties in the management, control, protection, maintenance and disposition of the trust, and exercise discretion in so doing. We here set forth, in substance, some of such duties:

(1) The trustee is to hold the property, both real and personal, in trust for five years; (2) to reduce the personal property to cash;. (3) to invest it in first-class, first mortgage loans, with adequate land security; (4) to keep the real estate rented, collect the rents, pay to the beneficiary all of the interest and proceeds of the estate, except such amount as may be necessary for taxes and expenses; (5) in the event the beneficiary fails to comply with the provisions of the trust to obtain the benefits thereof, the trust to continue upon the same authority, power and control as provided for the five-year period; then during the term of the trust the income and proceeds shall be paid to the beneficiary, for his sole and personal use, by the trustee. Under the circumstances, the following authority is applicable:

In the case of *Lancaster County Bank v. Marshel,* 130 Neb. 141, 264 N. W. 470, this court held: "So long as the trustee, either expressly or by implication, has imposed upon him some affirmative and substantial duty to perform or useful purpose to subserve, or discretion to exercise with respect to the control, protection, management, or disposition of the trust property, or to protect the estate for a given time or until the death of some person, in this state (in the absence of a statute of uses) the trust remains an active trust."

We conclude, for the reasons herein set forth, that the trust in question is an active trust, and the plaintiff's contention that the trust is a dry, passive trust is not well taken.

We come to a consideration of plaintiff's contention that the trust is contrary to public policy, in that it permits the beneficiary to have the sole power to terminate the trust and secure the corpus and still remain immune to the payment of his just debts.

In considering this assignment of error, it must be borne in mind that the estate in question was at all times the property of Catherine Largey. She owed none of the debts in question and was under no obligation, either equitably or

legally, or otherwise, to subject any part of her estate to the payment of any such debts. They were the debts of her nephew, Thomas F. Croughwell. He had no interest in any of the property of his aunt except that which she might desire to give to him, as designated in her will, and under conditions which she might impose. Thus, all of the property being hers, she had the right to dispose of it as she saw fit. In this state one may will his property to any person for any purpose, providing such purpose is not illegal, immoral or against the public policy of the state. See *In re Bissell,* 63 Neb. 585, 88 N. W. 683.. The creation of a spendthrift trust is not, under the law, prohibited in Nebraska. See *Lancaster County Bank v. Marshel, supra; Weller v. Noffsinger,* 57 Neb. 455, 77 N. W. 1075.

Plaintiff, in furtherance of this condition, states in substance: It may be implied from the will that, if Thomas F. Croughwell secured a discharge from his debts by bankruptcy proceedings before the expiration of the five-year period by following the suggestion in the will, as to the manner in which he might defeat his creditors, he perpetrated a fraud on his creditors, and, under such circumstances, the spendthrift trust, as created by the will, is void.

One may very properly take advantage of a proceeding in bankruptcy to discharge his debts and obligations, and by doing so he is not performing an illegal act. The mere fact that a person seeks the relief afforded by a bankruptcy proceeding does not brand that person as being dishonest and does not import dishonesty or immorality. A person owning property and owing no duties to the creditors of an individual, to whom he seeks to give his property by will, is not guilty of fraud if he suggests to such person that he might proceed to take legal steps, in conformity with the policy of the law, to obtain the benefit of provisions of a will, and the beneficiary of the will is not guilty of fraud in adopting a procedure to secure a discharge of his debts, as provided by law and used extensively by insolvent debtors.

"Except where a person creates a trust for his own benefit, if it is provided by the terms of the trust that the beneficiary shall be entitled to receive the principal of the trust property only when he shall become financially solvent, his interest under the trust cannot be reached by his creditors or by his trustee in bankruptcy." Restatement, Trusts, 392, sec. 159. The foregoing language is clear and comprehensive. See, also, 60 C. J. 804.

The following cases are in point and applicable to the situation in the instant case:

In *Hull v. Palmer*, 155 App. Div. 636, 140 N. Y. Supp. 811, appearing also in 213 N. Y. 315, 107 N. E. 653, the father bequeathed a certain amount to the defendant to pay the income therefrom to the testator's son. The will provided that the defendant trust company was to pay said income as long as the property was held in trust, but that, if the son should be released from his debts, for which he was liable, from sources other than the trust fund and become solvent, or secure a discharge from his liabilities, the son would then be entitled to the principal of the trust and the trust would terminate. The will was admitted to probate. The son filed a voluntary petition in bankruptcy and received his discharge. The trustee proceeded for a judicial settlement. The court adjudged the son entitled to have the trust fund paid to him. Subsequently, the trustee in bankruptcy brought suit against the trust company to recover the principal, alleging that the principal should be subject to payment of balance due on debts proved against the bankrupt estate. Upon demurrer, the suit was dismissed, and the decision was subsequently affirmed by the supreme court of the United States in *Hull v. Farmers Loan & Trust Co.*, 245 U. S. 312, 38 S. Ct. 103, wherein the court said: "This is not a case where a testator seeks to bequeath property which shall be free from liability for the beneficiary's debts. *Ullman v. Cameron*, 186 N. Y. 339, 345. Here the testator has merely prescribed the condition on which he will make a gift of the principal. Under the law of New York he had the right

to provide, in terms, that such payment of the principal should be made, only if and when Francis (his son) should have received in bankruptcy a discharge from his debts and that no part of the fund should go to his trustee in bankruptcy. The language used by the testator is broader in scope, but manifests quite as clearly, his intention that the principal shall not be paid over under circumstances which would result in any part of it being applied in satisfying debts previously incurred by Francis (his son). The bankruptcy act presents no obstacles to carrying out the testator's intention. *Eaton v. Boston Safe Deposit & Trust Co.*, 240 U. S. 427. As the court of appeals said: 'The nature of the condition itself determines the controversy.' "

In the case of *Ames, Petitioner*, 22 R. I. 54, 46 Atl. 47, the first paragraph of the syllabus reads: "A testatrix devised her estate to trustees to pay the income thereof to her son for life, and upon his death to convey to his issue in fee or absolutely the body of the estate disencumbered of the trust; and after reciting that her son was deeply insolvent, and that her purpose was to provide for his support, provided in a codicil that 'if my son shall by discharge from his creditors, or by force of any bankrupt act of the United States at any time hereafter in force, be released from the debts with which he is encumbered, then this trust with regard to the portion of my property to which my son shall be entitled, to the extent of the interest or title of my son so released, shall cease and be determined, and my trustees shall convey to my son so released his portion or estate in my property in conformity to my will, to be held and enjoyed by him released free from all control and trust whatsoever.' The son died, leaving issue. Prior to his death he paid all the debts referred to in the will for which he was liable." The court held that "the purpose of the testatrix being to keep the property from vesting in the beneficiary until such time as he was freed from liability to the claims of creditors, the beneficiary, by paying the debts for which he could be held, was there-

by discharged from those debts." The court further held that "under the terms of the codicil, from the discharge of the beneficiary from his debts he took an absolute estate in fee in the real estate, and the personal property absolutely."

For the reasons given in this opinion, we conclude that the judgment of the trial court is right.

AFFIRMED.