ELAINE PRING SUMMERS, APPELLANT, V. STUART SUMMERS
ET AL., APPELLEES.

128 N. W. 2d 829

Filed June 12, 1964.   No. 35650.

Eisenstatt, Lay, Higgins & Miller, for appellant.

Finlayson, McKie & Kuhns and Kelley, Grant & Costello, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Elaine Pring Summers, plaintiff and appellant, against Stuart Summers in his own person and First National Bank of Omaha, trustee of a trust of which Stuart Summers is a beneficiary, defendants and appellees. The case was tried to the court and judgment was rendered in favor of the plaintiff. The appeal is by the plaintiff from the judgment. There is no cross-appeal by either of the defendants.

By the petition on which the case was tried, to the extent necessary to state here, it was declared that on April 15, 1959, the plaintiff recovered a personal judgment against the defendant Summers in the Circuit Court of Duval County, Florida, which judgment was thereafter registered in Douglas County, Nebraska, pursuant to the provisions of the Nebraska Uniform Enforcement of Foreign Judgments Act, and that in order to collect sums due her the plaintiff had summons in garnishment

issued to the defendant trustee, but that notwithstanding this and the fact that execution was issued on the judgment it remains unsatisfied except as to the amount of $4.13.

It was further declared that the defendant trustee is under the provisions of a will of Laura H. Summers, deceased, the trustee of a trust of which the defendant Summers is a beneficiary, the corpus of which consists of stock and money as principal, and accumulations of income in an amount unknown to the plaintiff. The petition contains a quotation of the language of the will which describes the creation of and the direction of control of the trust and the rights of the defendant Summers, a beneficiary thereunder, but it is not deemed necessary to set forth or to summarize this here.

The plaintiff pleaded that at the time the action was commenced there was $32,188.69 due on the Florida judgment which had been registered in Douglas County, Nebraska.

By the petition the plaintiff prayed for relief in the form of a creditor's bill, for execution on the equitable estate of the defendant Stuart Summers in the trust estate; that a lien be impressed in the nature of an attachment of equitable levy upon property for the amounts accrued and to accrue on a judgment in favor of the plaintiff and against the defendant Summers together with costs and attorney's fees; and that the defendant trustee be restrained and enjoined during this litigation from paying to the defendant Summers or to anyone else income or accumulation from the trust estate.

The defendant Summers filed an answer in which he admitted that the plaintiff was a citizen of the State of Florida and the declared identity of the defendant trustee. Otherwise the answer was a general denial.

The defendant trustee filed an answer in which it admitted its capacity as trustee of the testamentary trust which plaintiff alleged was created by the will of

Laura H. Summers, deceased, and wherein the defendant Summers is beneficiary and that defendant Summers had received income from the trust. The other allegations of the petition were generally denied.

It declared that the instrument creating the trust contains the following: " 'at no time while any of the trusts herein created are in existence shall a beneficiary have any right or power whatsoever to in any wise assign, transfer, alienate or encumber any of the incomes or assets of the trust estate and no persons can have or take through any attempted assignment, transfer, alienation or encumbrance any right or interest of whatsoever kind in any of the incomes or assets of the trust estate. None of the incomes or the assets of the trust estate shall ever in any wise be subject to any claim, demand, judgment or garnishment arising or existing through any act or liability of a beneficiary, and at no time and in no way shall the Trustee be accountable to any person or persons other than to the beneficiary directly and personally.' "

The prayer of the answer of this defendant is that the petition be denied.

A trial was had to the court, and on September 26, 1963, a decree was entered which contained findings and the judgment of the court. The findings contained a general finding on both facts and law in favor of the plaintiff and against the defendants subject however to a finding as follows: "The doctrine of res judicata is conclusive upon the parties hereto with regard to most of the issues of law and fact raised by the pleadings, the decree in the above cited case having been permitted to become final, as well as the judgment sued on herein."

The obvious meaning of this quoted language and the two following paragraphs is to say that in an earlier action between these same parties, the record of which has been made a part of the record here, wherein the issues like those which are presented here, except as to

time, were judicially determined and have become final, therefore under the res judicata rule that judgment is controlling in the present proceeding except as to the amount which is due the plaintiff in the present action, and the amount which is subject to the decree of this court, and the character and quantity thereof which should be awarded.

The court found further that the plaintiff was not, in the face of equitable considerations, entitled to recover what was paid or due, or which might become due under her registered judgment except a total and final amount for all purposes and for all time in the satisfaction of the registered judgment of $25,000, of which $6,000 had been paid in the earlier case, leaving a balance of $19,-000. Judgment was thereupon rendered requiring the defendant trustee to pay the plaintiff $19,000.

In order to make comprehensive the foregoing recitals, the proceedings, and final judgment in this case it becomes necessary to set forth incidents of history preceding the action here.

The plaintiff and the defendant Summers were, during all times involved in this action including the present, husband and wife. In 1957 they were residents of the State of Florida and in that year they separated. A separate maintenance action was instituted in the Circuit Court of Duval County, Florida, against this defendant. A decree was rendered in that action. The terms of this decree required payment of support payments to the plaintiff of $600 a month to start May 1, 1959. This defendant made no payments in response thereto in Florida. The decree was registered twice in Douglas County, Nebraska, pursuant to the provisions of the Nebraska Uniform Enforcement of Foreign Judgments Act. The purpose of this was to enforce the payment to plaintiff of the amounts awarded by the Florida decree by this defendant or out of his property or assets in the State of Nebraska. The regularity of processes or the right to maintain action is not questioned except by a general

denial of the allegations of the petition in the case. No
effort was made to support by evidence the general
denial in this area.

No contention has been made in this case that the
plaintiff is not entitled to recover in Nebraska the
amounts claimed to be due under the provisions of the
registered Florida judgment if there is property or assets
of this defendant out of which recovery may be made.
The paramount question is that of whether or not there
is anything in Nebraska which may be subjected to the
payment of the amounts due or to become due on this
judgment.

The plaintiff by this action points out that the will of
Laura H. Summers, deceased, dated July 17, 1938, with
a codicil dated July 27, 1938, set up a trust with the de-
fendant First National Bank of Omaha as trustee which
trust by its terms provided that a fixed portion of the
proceeds of the trust should be paid to the defendant
Summers, out of which she, the plaintiff, contends that
she is entitled to receive payment of delinquencies in
payment of the alimony award of the Florida judgment
which was registered in Douglas County, Nebraska. For
the purpose of making recovery the First National Bank
of Omaha, trustee, was made a defendant. The plain-
tiff seeks judgment requiring the trustee to make these
payments to her out of the income of the trust instead
of to the defendant Summers.

The defense to the action in true substance is that
there is no trust out of which the claims of plaintiff may
be paid in satisfaction of any claim of any kind or char-
acter, and that the trustee by the terms of the will cre-
ating and controlling the trust is barred from the use of
any of the income from the trust in satisfaction of the
claims of the plaintiff.

There is no dispute about the stated character of the
trust. The defendant Summers was given no present
or future interest in the res of the trust, but only in the
income therefrom. An applicable restriction upon the

trust and the income therefrom is as follows: "At no time while any of the trusts herein created are in existence shall a beneficiary have any right or power whatsoever to in any wise assign, transfer, alienate or encumber any of the incomes or assets of the trust estate, and no persons can have or take through any attempted assignment, transfer, alienation or encumbrance any right or interest of whatsoever kind in any of the incomes or assets of the trust estate. None of the incomes or assets of the trust estate shall ever in any wise be subject to any claim, demand, judgment or garnishment arising or existing through any act or liability of a beneficiary, and at no time and in no way shall the Trustee be accountable to any person or persons other than to the beneficiary directly and personally."

This therefore is by its clear terms, as the parties agree, what is known as a spendthrift trust. That is a trust the terms of which are ordinarily required to be recognized and enforced according to the letter of the instrument creating it.

By the decisions of this court spendthrift trusts such as the one involved here may be enforced and the trustee is barred from the use of revenue therefrom directed to be paid to the beneficiary of the trust. Weller v. Noffsinger, 57 Neb. 455, 77 N. W. 1075; Lancaster County Bank v. Marshel, 130 Neb. 141, 264 N. W. 470; Beals v. Croughwell, 140 Neb. 320, 299 N. W. 638, 138 A. L. R. 1330.

Neither the pleadings of the plaintiff in the case here nor her brief contain a contrary contention. Also in the earlier case referred to dealing with this subject in which the same issues were tried, the plaintiff makes no such contrary contention.

In the brief of the trustee herein it directs attention to general observations made in Restatement, Trusts, 2d, § 157, pp. 328 and 329, and the Appendix, p. 242, and appears to agree that in instances there may be such an invasion, but that under the decisions in this jurisdiction

and those of most of the other jurisdictions, because of the terms of the trust, no such invasion is permissible in this case. Numerous cases bearing on this question are cited at pp. 242, 243, and 244 of this Restatement Appendix, some of which support the right of invasion under conditions such as those of concern here but most of them do not.

In the light of this, if this were a case in which the controlling question was that of whether or not the income of this trust could be invaded for the purpose of satisfaction of the judgment of plaintiff against the defendant Summers the required answer would be that it could not. The true question is that of whether or not the judgment in the earlier case on the same pleaded and tried issues as were pleaded herein and on which trial was had is res judicata on the issue of the right of plaintiff to have invaded the income of the trust for the satisfaction of her judgment against defendant Summers.

In both cases the true question presented was that of whether or not the district court for Douglas County, Nebraska, could, notwithstanding the positive and clear terms of the restrictions upon the use to which income of the trust could be put, apply it under some theory to the payment of delinquent payments under the Florida judgment in favor of the plaintiff and against the defendant Summers for alimony. The district court for Douglas County in this case and by the judgment in the other case adjudged that this could properly be done.

In the earlier case the district court found that: "The bar of a spendthrift provision in a trust is ineffective as to maintenance payments due a wife from her husband but her right to penetrate the bar is limited to her right to maintenance and may not be extended."

Pursuant to this the court found that this could be done but that where there was no gross limitation of support and maintenance no judgment was proper in excess of the amount due under the registered judgment at the time. The amount due at the time was $6,000 and

judgment was rendered for that amount. No appeal was taken from that judgment by either of the defendants or by the plaintiff.

In the case here the district court found that the doctrine of res judicata flowing from the judgment in the other case was conclusive upon the parties with regard to most of the issues of law and fact raised by the pleadings, the decree, as well as the registered judgment to the extent of the amount due at the time, which amount was found to be $26,400.

The court however further found that what the plaintiff was entitled to was a matter subject to equitable determination based on the marital problems of the parties and not necessarily on the registered judgment. This was followed by a finding that the plaintiff should receive a gross sum in full satisfaction of the registered judgment of $25,000 reduced to a net of $19,000 by the receipt of $6,000 in the earlier action from which no appeal had been taken by any party. Judgment was rendered accordingly.

There was no adjudicated change in the conclusions in this case from those in the earlier case as to the declared right of invasion. The only departure in any respect was that in that case it was held that the court was bound to recognize the right of invasion based upon the Florida judgment, but equity permitted the district court in this case to depart from the terms of that judgment and, as was done by its judgment, liquidate and again, as was done, reduce the payments already due and deprive of rights to become due in the future.

From this judgment, as was true in the earlier case, the defendants have not appealed and neither have they cross-appealed. The only appeal is by the plaintiff.

In avoidance of a possibility of an inference of neglect on the part of the attorneys for the trustee in failure to take an appeal, the record discloses that the failure of appeal was caused by direction of the defendant Sum-

mers and not by failure or neglect on the part of the attorneys for the trustee.

It becomes clear therefore that by failure of the defendants to appeal in the earlier case they became barred by the judgment from asserting as to that judgment that the terms of the instrument creating the trust barred an invasion of the income from the trust. By the failure to appeal the judgment became final. It is pointed out here that in that case as well as this one it is not contended that the Florida judgment was not valid and enforceable but only that it could not be the basis of an invasion of the trust revenue.

As has been pointed out this issue of the right of invasion was presented and a like determination on it was made. Like in the earlier case there was no appeal by the defendants.

In actuality the determination of the appeal herein depends upon whether or not the judgment in the earlier case is res judicata in this case of the question of whether or not the income of the trust may be reached and applied to the satisfaction of plaintiff's judgment against the defendant Summers in the Florida case.

It is well settled under the res judicata rule that a judgment rendered by a court of competent jurisdiction determining the rights of the litigants on a cause of action or defense is an effectual bar against future litigation over the same rights determined by such judgment, and is for all time, unless reversed or modified, binding on the parties and their privies in estate or in law. State ex rel. Kennedy v. Broatch, 68 Neb. 687, 94 N. W. 1016, 110 Am. S. R. 477; Niklaus v. Phoenix Indemnity Co., 166 Neb. 438, 89 N. W. 2d 258.

The judgment on the issues as pointed out became final, and by reason of the fact that the parties and issues were the same in this case a like judgment was required, rendered, and became final.

This leaves for consideration only the question of whether or not the court had the right to depart from

the force of the judgment of the district court in the earlier case and exact a rate and character of invasion of the trust income other and different and in a lesser amount than was by that judgment exacted. Numerous complaints of error appear in the brief of the plaintiff, but it is of this change of exaction that complaint is made on this appeal, and it appears to be the only one which requires consideration further herein.

The question is answered by what has been said about the interpretation and effect of the judgment in the first case and application thereto of the res judicata rule. The court was without right to alter or change the provisions for payment contained in the earlier judgment. The effect of this is to say that on the record the plaintiff was entitled to a lien upon the income of the trust for all that had become due to her on the Florida judgment from the date of that judgment up to the time of trial less what she had actually received, and that she shall be entitled to receive payments which are now due or shall become due during the life of the judgment.

The judgment of the district court is reversed and the cause remanded with directions to render judgment in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.