IRIS A. DOKSANSKY, APPELLANT, V.
NORWEST BANK NEBRASKA, N.A., AND
LARRY B. SMITH, COTRUSTEES, APPELLEES.
615 N.W.2d 104

Filed July 28, 2000. No. S-99-602.

Neil W. Schilke and Bradley E. Nick, of Sidner, Svoboda, Schilke, Thomsen, Holtorf, Boggy & Nick, for appellant.

Martin P. Pelster, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C., for appellees.

HENDRY, C.J., WRIGHT, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

Stephan, J.

This case involves the same discretionary support trusts examined by this court in *Smith v. Smith*, 246 Neb. 193, 517 N.W.2d 394 (1994). In that case, we held that Iris A. Smith, now known as Iris A. Doksansky, the former wife of a beneficiary of the trusts, could not utilize a garnishment procedure to compel payments from the trusts for the purpose of satisfying a child support arrearage. In this case, Doksansky appeals from an order of the district court for Douglas County, Nebraska, dismissing her petition for an equitable assets creditor's bill, which would require application of future trust distributions to the judgment for child support arrearage. We find no error and affirm the judgment of the district court.

## BACKGROUND

Doksansky alleged in her petition that Norwest Bank, Nebraska, N.A., and Larry B. Smith are the cotrustees of the Vern W. Smith Family Trust and the Opal L. Smith Family Trust. She alleged that Richard D. Smith is the son of the grantor and the primary beneficiary of each trust and that the cotrustees have made periodic distributions of income to Richard under the terms of the trusts. Doksansky alleged that the Vern W. Smith Family Trust includes the following provision:

> Until the death of my son Richard the trustee shall pay over to, or for the benefit of, any one or more of the living members of a class composed of my son Richard and his issue, so much of the net income and principal of the trust as the trustee shall deem to be in the best interests of each such person, from time to time. Such distributions need not be made equally and to all members of the class. In determining the amount and frequency of such distributions, the trustee shall consider that:
>
> (1) The primary purpose of the trust is to provide for the health, support, care and maintenance of my son Richard during his lifetime.

She further alleged that the terms of the Opal L. Smith Family Trust provide:

> Until the death of my son Richard D. Smith, the trustee shall pay over to, or for the benefit of, any one or more of

the living members of a class composed of my son, Richard D. Smith and his issue, so much of the net income and principal of the trust as the trustee shall deem to be in the best interests of each such person, from time to time. Such distributions need not be made equally and to all members of the class. In determining the amount of frequency of such distributions, the trustee shall consider that:

(1) The primary purpose of the trust is to provide for the health, support, care and maintenance of my son, Richard D. Smith, during his lifetime.

Doksansky alleged in her petition that Richard is currently indebted to her in the amount of $93,114 by reason of a June 25, 1965, judgment for child support and a November 26, 1991, order for attorney fees and expenses, both entered by the district court for Dodge County, Nebraska. Doksansky alleged that an execution on the judgment was issued and returned unsatisfied, that contempt proceedings were brought against Richard in the district court for Dodge County for failure to pay child support, and that Richard asserted financial inability to satisfy the judgment. Doksansky further alleged that garnishment of other assets has not produced funds sufficient to satisfy the judgment and that she cannot reach the trust distributions by garnishment because the time of payments is not established in advance and the amount and time of payments is within the discretion of the cotrustees.

Doksansky further alleged in her petition that Richard is living in Arizona and is supported principally by the distributions from the trusts. Doksansky alleged that the estimated value of the two trusts is $600,000 and that the amount of principal in the trusts is sufficient to satisfy the judgment and still provide for the support of Richard during his lifetime. She prayed for an order directing the cotrustees "to make payment toward satisfaction of the said judgment of the Plaintiff from any distribution which would otherwise be made to Richard D. Smith and to make no further distribution to Richard D. Smith until the judgment of the Plaintiff has been satisfied."

In response to the petition, the cotrustees filed a demurrer asserting a failure to state facts sufficient to constitute a cause of

action. After hearing arguments, the district court sustained the demurrer, based upon its determination that both trusts were discretionary support trusts and that it could not compel the cotrustees to make payment of income from the trust to Doksansky in satisfaction of the judgment because such would violate the express purpose of the trust. Although she was given leave to amend, Doksansky elected to stand on her petition, and it was subsequently dismissed by the court. Doksansky perfected this timely appeal, which we removed to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENT OF ERROR

Doksansky's sole assignment of error is that the trial court erred in sustaining the demurrer and dismissing the petition.

## STANDARD OF REVIEW

■ In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Armour v. L.H.*, 259 Neb. 138, 608 N.W.2d 599 (2000); *Zoucha v. Henn*, 258 Neb. 611, 604 N.W.2d 828 (2000).

■ When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Ruble v. Reich*, 259 Neb. 658, 611 N.W.2d 844 (2000); *Susan H. v. Keith L.*, 259 Neb. 322, 609 N.W.2d 659 (2000).

## ANALYSIS

■ A creditor's suit or bill is generally defined as "an equitable proceeding brought by a creditor to enforce the payment of a debt out of property or interests of his debtor which cannot be reached by ordinary legal process." 21 Am. Jur. 2d *Creditors' Bills* § 1 at 6 (1998). "A creditor's bill is in the nature of an equitable execution," and its purpose is to "bring into exercise the equitable powers of the court to enforce the satisfaction of judg-

ments by means of equitable execution" when execution at law cannot be obtained. *Id.*, § 2 at 7. In Nebraska, a creditor's bill is statutorily authorized by Neb. Rev. Stat. § 25-1564 (Reissue 1995), which provides:

> Where a judgment debtor has not personal or real property subject to levy on execution, sufficient to satisfy the judgment, any interest which he may have in any banking, turnpike, bridge, or other joint-stock company, or any interest he may have in any money, contracts, claims or choses in action, due or to become due to him, or in any judgment or decree, or any money, goods or effects which he may have in possession of any person, body politic or corporate, shall be subject to the payment of such judgment by proceedings in equity, or as in this chapter prescribed.

Specifically, Nebraska recognizes two types of creditor's bills. The first is used to reach equitable assets or property of a debtor on which execution at law cannot be levied. *First Nat. Bank v. Daggett*, 242 Neb. 734, 497 N.W.2d 358 (1993). The second is used in aid of an execution at law, as to set aside an encumbrance or a transfer of property made to defraud creditors. *Id.* Doksansky's petition contains no allegations of fraud, so the issue before us is whether the petition states facts sufficient to state a cause of action for an equitable assets creditor's bill.

There are three requirements for an equitable assets creditor's bill. First, the creditor must have a judgment against the debtor; second, the creditor must " 'allege and show that he has exhausted his remedy at law,' " i.e., the creditor must show that execution has not satisfied the judgment; and finally, the debtor must have some interest in property that the creditor is unable to reach through execution. *Id.* at 738, 497 N.W.2d at 362, quoting *Thies v. Thies*, 111 Neb. 805, 198 N.W. 151 (1924). In the present case, the petition contains sufficient factual allegations that Doksansky has a judgment against Richard which she has been unable to satisfy through the legal remedy of execution. The dispositive issue is whether Richard's beneficial interest in the discretionary support trusts is an "interest in property" which may be reached by an equitable assets creditor's bill to satisfy Doksansky's judgment for child support arrearage.

In *First Nat. Bank v. Daggett, supra,* we held that an equitable assets creditor's bill may reach a judgment debtor's beneficial interest in a resulting trust which came into being because of the debtor's failed attempt to dispose of real estate by inter vivos trust, reasoning that the debtor remained the equitable owner of property which could be used to satisfy the judgment. We have also held that a debtor's contingent interest as an heir in an estate under administration may be reached by an equitable assets creditor's bill, reasoning that while such interest was contingent, it was still an interest in property which was not exempt from being applied to the payment of the debt. *Fremont Farmers Union Cooperative Ass'n v. Markussen,* 136 Neb. 567, 286 N.W. 784 (1939). See, also, *Arlington State Bank v. Paulsen,* 57 Neb. 717, 78 N.W. 303 (1899). In *Summers v. Summers,* 177 Neb. 365, 128 N.W.2d 829 (1964), we held that an equitable assets creditor's bill could attach to a beneficiary's interest in the income from a spendthrift trust because of res judicata arising from a prior judgment from which no appeal was taken. However, we stated that "if this were a case in which the controlling question was that of whether or not the income of this trust could be invaded for the purpose of satisfaction of the judgment of plaintiff against the [trust beneficiary/judgment debtor] the required answer would be that it could not." *Id.* at 371, 128 N.W.2d at 833.

 Our jurisprudence is consistent with the following statement of the general rule for determining whether a beneficiary's interest in a trust created by a third party is a property interest which may be reached by an equitable assets creditor's bill:

> [I]n order for equity to subject to the claims of creditors the interest of the beneficiary, it is essential that it be such an interest as could be enforced by the beneficiary himself; creditors cannot reach the beneficiary's interest if the trustee has complete discretion not only as to the time and manner of conferring the intended benefit but also as to whether it shall be conferred at all, or if disbursements are restricted to such amounts as are necessary for the comfortable maintenance and support of the cestui que trust.

21 Am. Jur. 2d *Creditors' Bills* § 35 at 30 (1998). In *Smith v. Smith,* 246 Neb. 193, 198, 517 N.W.2d 394, 398 (1994), we

determined that the trustee of a discretionary support trust could be "compelled to carry out the purposes of the trust in good faith," but concluded that the payment of the child support arrearage, which was the subject of that action as well as this one, "would not further the purposes of the trusts, since the children are emancipated," *id.* at 199, 517 N.W.2d at 399. We also held that absent a showing that the payment of the arrearage would contribute to the support of the beneficiaries of the trusts, the trustee could not be compelled to distribute trust assets to satisfy the judgment for the arrearage. *Id.*

■ In determining whether Richard's beneficial interest in the discretionary support trusts can be reached by a creditor's bill, we are guided by the maxim that "equity follows the law" to the extent of "obeying it and conforming to its general rules and policies whether contained in common law or statute." *Guy Dean's Lake Shore Marina v. Ramey,* 246 Neb. 258, 264, 518 N.W.2d 129, 133 (1994). This maxim is strictly applicable whenever the rights of the parties are clearly defined and established by the law. *Id.* Under our decision in *Smith v. Smith, supra,* Richard would have no right to compel the cotrustees to distribute trust assets for the purpose of satisfying his child support arrearage even if he wished to do so. As noted above, the creditor's rights with respect to property can be no greater than that of the debtor. Thus, because of the restricted purposes for which assets can be distributed to Richard under the discretionary support trusts, his beneficial interests therein do not constitute an interest in property which can be reached by an equitable assets creditor's bill in order to satisfy a judgment for child support arrearage where the children are emancipated.

■ Doksansky's argument that she does not seek to utilize a creditor's bill to compel trust distributions, but only to impose a lien on any future distributions which the cotrustees in their discretion choose to make, places the cart before the horse. We have held that " '[t]he beginning of a creditor's action to subject an equitable estate to the payment of a judgment gives a specific lien upon the property which it is sought to reach and this lien continues while the cause is pending.' " *First Nat. Bank v. Daggett,* 242 Neb. 734, 742, 497 N.W.2d 358, 364-65 (1993), quoting *Nowka v. Nowka,* 157 Neb. 57, 58 N.W.2d 600 (1953).

However, if the petition for a creditor's bill is legally deficient because it fails to allege an interest in property which can lawfully be reached by a creditor's bill, as is the case here, it necessarily follows that no lien can arise from its filing.

## CONCLUSION

For the reasons discussed, we conclude that the petition fails to allege facts sufficient to state a cause of action for an equitable assets creditor's bill because it does not allege that Richard had any interest in the discretionary support trusts which could be applied to the payment of his child support arrearage. The district court did not err in sustaining the demurrer or in dismissing the action when Doksansky exercised her right to stand on the petition as filed after being given an opportunity to amend. The judgment of dismissal is therefore affirmed.

AFFIRMED.

CONNOLLY, J., not participating.