NORMA STRUEMPLER, APPELLANT, V. ESTATE OF WILBUR F. KLOEPPING, DECEASED, ET AL., APPELLEES.
626 N.W. 2d 564

Filed May 25, 2001. No. S-99-1245.

Gregory J. Beal, of Gregory J. Beal & Associates, P.C., for appellant.

Todd R. McWha, of Murphy, Pederson, Waite & McWha, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This is a negligence action filed by appellant, Norma Struempler, against appellees, the estate of Wilbur F. Kloepping, deceased; Bruce J. Nelsen, personal representative; and Marguerite Kloepping. Struempler alleges in her petition that Wilbur negligently and carelessly placed himself in a position of immediate peril by remaining in his residence without qualified medical personnel to assist him when he fell from his wheelchair. In addition, Struempler alleges that Marguerite, Wilbur's wife, was negligent in requesting assistance from Struempler to help lift Wilbur back into his wheelchair and that this negligence was the proximate cause of alleged injuries to her back when she assisted Marguerite in lifting Wilbur. Appellees filed an answer generally denying these allegations and alleged that Struempler failed to state a cause of action. Appellees also alleged the affirmative defenses of contributory and comparative negligence and assumption of the risk. Appellees filed a motion for summary judgment, which the trial court sustained. Struempler appeals. We removed this case from the docket of the Nebraska Court of Appeals under our power to regulate the caseloads of this court and the Court of Appeals.

## BACKGROUND

Struempler, Wilbur and Marguerite's neighbor, had been called on several occasions to assist Marguerite in getting Wilbur up after he had fallen out of his wheelchair. Wilbur was 80 years old and was virtually confined to a wheelchair at that time. He wanted to stay in his home because he knew he was dying. On November 18, 1997, Struempler was again asked to assist Marguerite in lifting Wilbur back into his wheelchair. He was on the floor, face forward, somewhat on his hands and knees. It appeared he had fallen forward out of his wheelchair. Wilbur had previously broken his hip and was unable to get up unassisted. Wilbur appeared to be in distress and, as stated earlier, was in critical health. Struempler was on Wilbur's left, and Marguerite was on his right. As the women proceeded to lift him, there was a pop or "bone-like noise" from Struempler's back, and she stopped lifting. Struempler states that after she

was injured, Wilbur "said they would pay for it." Struempler broke out into a sweat and felt nauseated and walked back to her house. There, she continued to sweat and be nauseated. Struempler's doctors diagnosed her injury as being a compressed fracture to her T12 vertebra below her beltline. Wilbur subsequently died on December 12.

In sustaining appellees' motion for summary judgment, the trial court stated, "The Court cannot find any duty on the part of [appellees] owed to [Struempler] under the circumstances and the facts presented to the Court by the pleadings and the evidence."

## ASSIGNMENTS OF ERROR

Struempler assigns that the trial court erred (1) in sustaining appellees' motion for summary judgment, (2) in finding Struempler's petition did not state any theory of liability upon which she might recover, and (3) in finding that the "rescue doctrine" does not entail a theory of liability upon which a rescuer might obtain relief under appropriate circumstances.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Allstate Ins. Co. v. LaRandeau, ante* p. 242, 622 N.W.2d 646 (2001); *Casey v. Levine, ante* p. 1, 621 N.W.2d 482 (2001).

## ANALYSIS

Struempler asserts that when Wilbur, well knowing his life-threatening health situation, chose to continue to endanger himself by placing himself in a position of peril which invited continuing "rescue" efforts, he violated a legal duty to the potential rescuer. Struempler believes that while the rescue doctrine may be considered as a response to the defense of contributory negligence, it also forms an independent basis of liability and can effectively state a tort cause of action.

Appellees assert that under any version of the facts, they owed no duty to Struempler. Appellees argue that the question of whether there is a duty is determined by the court with no part to be decided by the fact finder.

Whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation. *Desel v. City of Wood River*, 259 Neb. 1040, 614 N.W.2d 313 (2000); *Ray v. Argos Corp.*, 259 Neb. 799, 612 N.W.2d 246 (2000). Therefore, in determining if appellees could be negligent, the question of whether they owed a duty to Struempler is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Doksansky v. Norwest Bank Neb.*, 260 Neb. 100, 615 N.W.2d 104 (2000).

In determining whether a duty exists, an appellate court employs a risk-utility test, considering (1) the magnitude of the risk, (2) the relationship of the parties, (3) the nature of the attendant risk, (4) the opportunity and ability to exercise care, (5) the foreseeability of the harm, and (6) the policy interest in the proposed solution. *Turner v. Fehrs Neb. Tractor & Equip.*, 259 Neb. 313, 609 N.W.2d 652 (2000); *Knoll v. Board of Regents*, 258 Neb. 1, 601 N.W.2d 757 (1999).

Struempler contends that Wilbur placed himself in a position of peril, thereby inviting Struempler's rescue efforts. There was no perilous situation created by Wilbur in remaining in the privacy of his own home in his condition. Any risk of harm present in lifting Wilbur to his wheelchair was not of such a degree as to create a duty on the part of Wilbur and Marguerite toward Struempler. In addition, Struempler did not submit herself to or overcome any great risk of harm in crossing the street to go to Wilbur and Marguerite's house to help Marguerite with Wilbur. Both the attendant risk and magnitude of the risk are modest in this case.

Struempler maintains that she was a "rescuer" because Wilbur placed himself in a position of peril which invited rescue. As such, Struempler came to the rescue of Wilbur. Struempler tries to invoke the rescue doctrine to create a cause of action by calling herself a rescuer. However, we see no relationship other than a neighbor who was a gratuitous helper. The relationship of the parties did not create a duty.

Struempler had the opportunity and the ability to exercise care. Struempler voluntarily went over to aid Wilbur and Marguerite and was not under a duty to render them assistance. It was not foreseeable that Struempler would suffer harm, such

as a compressed fracture to her vertebra, simply by helping to lift Wilbur to his wheelchair. In addition, other methods could have been used to lift Wilbur. For example, the fire department or paramedics could have been called for assistance.

The policy considerations present in Struempler's proposed solution imply that appellees had a duty to admit Wilbur into a nursing home or to hire in-home nursing care for him. Struempler invites us to apply the rescue doctrine to this case. Nebraska has yet to apply the rescue doctrine to a two-party case where one party negligently places himself or herself in peril, inviting rescue efforts by bystanders. We are aware of the nature and facts of these types of cases in which other states have applied the rescue doctrine. However, we decline to apply the rescue doctrine given the facts of this particular case.

### CONCLUSION

After applying the risk-utility balancing test, we hold that appellees did not owe Struempler a duty. We therefore affirm the trial court's order sustaining appellees' motion for summary judgment.

AFFIRMED.

WRIGHT and GERRARD, JJ., concur in the result.